**STATE LINE ELEVATOR, INC., Petitioner,**

v.

**STATE of Indiana BOARD OF TAX COMMISSIONERS, Respondent.**

No. 86T05–8709–TA–00042.

Tax Court of Indiana.

Sept. 13, 1988.

James E. McCabe, Williamsport, for petitioner.

Linley E. Pearson, Atty. Gen. by Ted J. Holaday, Lynn A. Francis, Deputy Attys. Gen., Indianapolis, for respondent.

FISHER, Judge.

Petitioner, State Line Elevator, Inc., has filed an original tax appeal of a final determination made by Respondent, State Board of Tax Commissioners. The State Board found State Line liable for business personal property tax on grain stored in its elevators on March 1, 1986. The State Board filed a motion for partial summary judgment. The motion was denied because facts crucial to the State Board's determination denying an exemption were not presented to the court. 526 N.E.2d 753. The State Board filed a subsequent motion urging the court to reconsider the summary judgment motion upon facts found in stipulations and answers to the State Board's interrogatories. Said motion to reconsider was granted. Upon reconsideration, the court grants the State Board's motion for partial summary judgment.

The State Board denied exemption under IC 6–1.1–10–29 because State Line was not the owner of the property for which the exemption was sought. State Line's appeal of that determination also questions the constitutional validity of essentially all of the provisions of IC Ch. 6–1.1 concerned with the reporting or exemption of goods.

■ IC 6–1.1–10–29 and IC 6–1.1–10–30 provide for exemption of goods which the Legislature deems to be in interstate commerce. In its final determination, the State Board notes that State Line attempted to claim exemption under IC 6–1.1–10–29, which provides:

> Personal property owned by a manufacturer or processor is exempt from property taxation *if the owner is able to show* by adequate records that the property is stored and remains in its original package in an instate warehouse for the purpose of shipment, without further processing, to an out-of-state destination.

(Emphasis supplied).

"Owner" is defined in IC 6–1.1–1–9(b) as "the holder of the legal title to personal property." This definition is applicable unless the statute provides otherwise. There is no provision indicating that IC 6–1.1–10–29 should not be interpreted as extending exemption only to the owner of property as defined by IC 6–1.1–1–9(b). State Line admits that it is not the holder of legal title to the grain for which exemption is sought. Therefore, as a matter of law, State Line cannot claim the exemption.

State Line implies in its original tax appeal and answers to interrogatories that it was treated as the owner of grain for purposes of assessment, and it should be given the right of the owner to claim exemption. State Line incorrectly assumes that the assessment is based upon ownership. The assessment was made under IC 6–1.1–2–4(b) on the basis that State Line is a possessor who has not established that "the property is assessed and taxed in the name of the owner." State Line was not assessed as owner of the grain and is not eligible to

assert ownership for the purpose of claiming exemption from the assessment.

State Line contends in its original tax appeal that "the statutes, regulations and directives under which the State of Indiana Board of Tax Commissioners have acted, including, but not limited to IC 6–1.1–3–15, IC 6–1.1–31–1 et seq., Regulation 16, 50 IAC 1–2–1 (Directive 78–1), IC 6–1.1–3–9, IC 6–1.1–2–4, IC 6–1.1–31–7, and 50 IAC 4–1–5" are unconstitutional under the Commerce Clause of the United States Constitution. In its answers to interrogatories, State Line contends that most of the grain it possesses is intended for out-of-state shipment at the time that it is received. State Line also makes general statements regarding possible discriminatory effects of the statutes.

■ The presumption favoring the constitutionality of statutes is a strong one and the burden to rebut the presumption is upon the one challenging the statutes. All reasonable doubts must be resolved in favor of the constitutionality of the statutes. *Bunker v. National Gypsum Co.* (1982), Ind., 441 N.E.2d 8, 11, appeal denied, 460 U.S. 1076, 103 S.Ct. 1761, 76 L.Ed.2d 338.

Constitutional defects in statutes must be shown to be clearly apparent. *Grassmyer v. State* (1982), Ind., 429 N.E.2d 248, 251 (citing *Johnson v. St. Vincent Hosp., Inc.* (1980), 273 Ind. 374, 404 N.E.2d 585, 591).

■ State Line has not cited to any cases, or tendered legal argument, which would lend credence to its constitutional challenge. The presumption that statutes are constitutional cannot be overcome by mere recitation of facts or unsupported allegations of discriminatory impact. State Line has not carried its burden.

The court hereby grants the State Board's motion for partial summary judgment. State Line is not entitled to utilize IC 6–1.1–10–29 because it is not the owner of the property for which exemption is sought. State Line has not carried its burden in its challenge to the constitutionality of the statutes.