### SOUTH SHORE MARINA, INC., Appellant,

v.

### STATE BOARD OF TAX COMMISSIONERS OF the State of Indiana, Appellee.

#### No. 64S00-8902-TA-153.

Supreme Court of Indiana.

Sept. 22, 1989.

Fred M. Cuppy and Kathryn D. Schmidt, Burke, Murphy, Costanza & Cuppy, Merrillville, for appellant.

Linley E. Pearson, Attorney Gen. and Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant filed its petition to set aside a final assessment in the Tax Court on October 20, 1987 contesting the assessment of personal property as of March 1, 1986. In its opinion, the Tax Court reversed in part the State Board's determination. *South Shore Marina, Inc. v. State Bd. of Tax Com'rs.* (1988), Ind. Tax Court, 527 N.E.2d 738.

We have examined the record in this case, and after due consideration of the briefs filed by the parties herein, we find

that we cannot improve upon the decision rendered by Judge Fisher. It therefore is incorporated in its entirety into this opinion.

■ Appellant takes the position that the Tax Court erred in its determination that there was substantial evidence to support the State Board's assessment as of March 1, 1986. They take the position that the tax assessor based her opinion upon photographs and observations made in May of 1986; they thus conclude that the State Board had no information as to what was on the premises as of March 1, 1986. This position is untenable in several respects.

First of all, the pertinent statute, Ind. Code § 6–1.1–3–9, places the responsibility upon the taxpayer to furnish information as to what property it owned or controlled as of the assessment date of that year. The legislature hardly could provide otherwise. It is utterly unrealistic to expect every tax assessor to be on the premises of every taxpayer on precisely the first day of March each year to make an independent determination of what taxable property is on the premises at that specific time.

Although appellant argues otherwise in its brief, Peter Zakutansky, president of South Shore, did not take the position that no boats or other taxable properties were on the premises as of March 1, 1986. He readily conceded that such property was on the premises, but his position was that South Shore should not be responsible for the tax. For instance, in the transcript we find the following:

"Q. [T]hey were on the premises as of March 1st, 1986, the South Shore Marina premises?

A. Yes.

Q. But you didn't—you didn't make any kind of notation or any kind of list of that property that was located on the marina premises as of March 1st, 1986?

A. No, I did not."

The record in this case clearly discloses that various items of personal property, including a large number of boats were in fact on the premises as of March 1. In view of the deliberate lack of cooperation on the part of appellant and its representative, the tax assessor had little choice but to proceed as she did.

■ Appellant claims the Tax Court erred in determining that South Shore Marina, Inc. was the apparent owner, possessor, or in control of the stored boats and other personal property. Judge Fisher clearly and correctly disposes of this issue.

Although Mr. Zakutansky testified that appellant had no control over the property stored on its premises and produced contracts which recited such language, appellant failed to file Form 103–N, which is to be used for the purpose of showing that tangible property held by a third party is being assessed to the true owner. At the request of the hearing officer, South Shore did file the rental contracts it had with its tenants. However, those contracts did not identify the property stored by the tenants nor state the value thereof.

Judge Fisher correctly holds that there was no way, by the use of such material, that the assessor could come forth with individual assessments for those persons storing property on appellant's premises. In view of the flagrant refusal of appellant to cooperate with the tax assessor, the assessor followed the only course available and assessed appellant under the provisions of Ind.Code § 6–1.1–2–4(b).

■ Appellant claims the Tax Court erred in its determination that there was substantial evidence to establish the value of the seaworthy and unseaworthy boats. Judge Fisher observes that in view of appellant's refusal to cooperate in giving such information or to aid the tax assessor in any way in acquiring the same, the assessor accomplished the evaluation in the only realistic manner remaining. The value was determined by consulting a guidebook for used boats and by gathering information as to make, model, and year of some of the boats involved. The value of the unseaworthy boats was reached by taking ten percent of the average cost of the seaworthy boats as a salvage value.

As pointed out by Judge Fisher, appellant did not specify at the hearing which

boats were inaccurately valued. Again, when one considers the lack of cooperation on the part of appellant, it becomes apparent that the manner of assessment was brought about by appellant's conduct. One hardly can conceive how the assessor could have been more fair in her evaluation of the property.

The decision of the Indiana Tax Court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.