DAV–CON, INC., Petitioner,

v.

STATE BOARD OF TAX COMMISSIONERS, Respondent.

No. 45T10–9307–TA–00044.

Tax Court of Indiana.

Dec. 14, 1994.

Kenneth D. Reed, Abrahamson, Reed & Adley, Hammond, for petitioner.

Pamela Carter, Atty. Gen., Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Petitioner, Dav–Con, Inc. (Dav–Con), appeals the final determination of the Respondent, the State Board of Tax Commissioners (the State Board), valuing Dav–Con's business personal property for the March 1, 1992, assessment.

### ISSUES

I.    Whether the State Board erred in assessing Dav–Con for property that Dav–Con held in its storage facility but did not own.

II.    Whether the State Board's valuation of not-owned inventory in Dav–Con's possession was supported by substantial evidence.

III.    Whether the State Board erred in denying Dav–Con an enterprise zone inventory credit.

IV.    Whether the State Board erred in denying Dav–Con an interstate commerce exemption.

V.    Whether the State Board erred in imposing a 20 percent undervaluation penalty on Dav–Con for failing to report the property at issue.

### FACTS AND PROCEDURAL HISTORY

Dav–Con is an Illinois corporation engaged in the business of steel processing and storage. It does business in Indiana and has operated a plant in Hammond for over eight years.

In the regular course of business, Dav–Con receives steel from its customers, processes the steel by applying treatments such as blast cleaning and cold finishing, and makes the steel available for pick up. In the event a customer does not wish to pick up its steel immediately after processing, Dav–Con has a storage facility and will store the customer's steel for a rental stipend. Dav–Con also rents space in its storage facility to customers who are not in need of Dav–Con's processing services, but simply require a place

to store their steel. Dav–Con does not take title to the steel it processes and/or stores.

For the March 1, 1992, assessment, Dav–Con filed a Business Tangible Personal Property Assessment Return (Form 103) in which it reported that: 1) it did not hold, possess, or control any consigned or not-owned inventory; 2) it did not own, hold, possess, or control any personal property in a public warehouse or other storage place; and 3) it had business personal property with an assessed value of $25,410. Based on these responses, Dav–Con did not file a Return of Not–Owned Property (Form 103–N) or a Confidential Return of Personal Property in Warehouses, Grain Elevators, or Other Storage Places claimed to be Exempt from Assessment (Form 103–W).

Subsequently, the State Board reviewed Dav–Con's Form 103 pursuant to IND. CODE 6–1.1–14–3. During the course of the review, a State Board field auditor examined Dav–Con's sales journal and invoices, which revealed that Dav–Con stored steel for seven different companies on March 1, 1992. Dav–Con, however, had not reported the steel on its Form 103. Because the steel appeared to be unassessed, the field auditor checked the North Township Assessor's files to determine whether any of the seven companies had reported the steel for assessment. Three of the companies had reported their steel; the remaining four companies had not. Consequently, the field auditor recommended to the State Board that Dav–Con be assessed for the steel that had not been reported by the four companies (the property at issue).

To determine the assessed value of the property at issue, the field auditor contacted the four companies and asked them to report the value of their steel in Dav–Con's storage facility on March 1, 1992. After receiving written responses from the four companies, the field auditor determined that Dav–Con had underreported the assessed value of its business personal property by $140,170. Accordingly, the field auditor recommended to the State Board that Dav–Con's business personal property assessment be increased to $165,580 ($25,410 + $140,170) and that Dav–Con be assessed an undervaluation pen-

alty equal to twenty percent of the underreported amount.

On April 20, 1993, the State Board held a hearing on Dav–Con's assessment. In its final determination, the State Board adopted the field auditor's recommendation and increased Dav–Con's assessment to $165,580. Further, it denied Dav–Con's request for an enterprise zone inventory credit, as well as Dav–Con's claims for exemption under IND. CODE 6–1.1–10–29, 29.3, and 30 (the interstate commerce exemptions). Finally, the State Board imposed the twenty percent undervaluation penalty on Dav–Con.

Dav–Con now appeals to this court. Additional facts will be provided as necessary.

## DECISION AND ANALYSIS
### STANDARD OF REVIEW

"The State Board is accorded great deference when acting within the scope of its authority, and the Tax Court will reverse the State Board's final determination only when it is unsupported by substantial evidence, constitutes abuse of discretion, exceeds statutory authority, or is arbitrary or capricious." *Paul Heuring Motors, Inc. v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 620 N.E.2d 39, 40. "Like any other party appealing an administrative decision, the taxpayer bears the burden to show the State Board's assessment was inaccurate." *Id.*

### I

Dav–Con offers three arguments to support its claim that the State Board erred in assessing it for the not-owned property that it held in its storage facility. The court rejects all three.

■ First, Dav–Con cites IND.CODE 6–1.1–2–4 for the proposition that the State Board has no authority to levy an assessment against a possessor of tangible property. I.C. 6–1.1–2–4 provides:

(a) The owner of any tangible property on the assessment date of a year is liable for the taxes imposed for that year on the property.

(b) A person holding, possessing, controlling, or occupying any tangible property on the assessment date of a year is *liable for*

*the taxes* imposed for that year on the property unless:

(1) he establishes that the property is being assessed and taxed in the name of the owner; or

(2) the owner is liable for the taxes under a contract with that person.

(Emphasis added). Dav–Con contends that while this statute explicitly provides that the State Board may hold a possessor of tangible property liable for *taxes*, it makes no mention of whether the State Board may levy an *assessment* against a possessor of tangible property. Consequently, Dav–Con argues, the State Board has no authority to levy an assessment against a mere possessor of tangible property.

Dav–Con's argument must fail. Statutes must be "reasonably and fairly interpreted so as to give [them] efficient operation, and to give effect if possible to the expressed intent of the legislature." *State v. Griffin* (1948), 226 Ind. 279, 79 N.E.2d 537, 540. Further, statutes "should not be wantonly narrowed, limited or emasculated and rendered ineffective, absurd or nugatory." *Id.* A tax is a pecuniary burden imposed by a government. *Black's Law Dictionary* 1307 (5th ed. 1979). An assessment is a calculation of the rate and amount of taxes due. *Id.* at 106. Thus, the authority to tax is meaningless without the authority to assess, and the meaning of the word "taxes," as used in I.C. 6–1.1–2–4(b), necessarily includes the levy of an assessment to collect those taxes. Because the principles of taxation and assessment are parallel, reading I.C. 6–1.1–2–4 to permit a possessor to be taxed, but not assessed, would emasculate the statute.

Moreover, this court has already permitted the State Board to use I.C. 6–1.1–2–4(b) to levy an assessment against a possessor of tangible property. *State Line Elevator, Inc. v. State Bd. of Tax Comm'rs* (1988), Ind.Tax, 528 N.E.2d 501, 502 (a proper "assessment was made under I.C. 6–1.1–2–4(b) on the basis that State Line [was] a possessor who

[had] not established that 'the property [was] assessed and taxed in the name of the owner.' "). *See also State Bd. of Tax Comm'rs v. Jewell Grain Co.* (1990), Ind., 556 N.E.2d 920, 922 (quoting *State Line Elevator,* 528 N.E.2d at 502). In sum, when a possessor of tangible property can be taxed, a possessor of tangible property can be assessed for that tax.[1]

■ Second, Dav–Con contends that even if an assessment can be levied against a possessor of tangible property, the State Board still erred in assessing the property at issue to Dav–Con. Dav–Con reasons that: 1) the State Board cannot levy an assessment against a person who has no obligation to file a Form 103–N; and 2) it had no obligation to file a Form 103–N because it had no way of knowing who owned the property at issue. Therefore, Dav–Con argues, given the facts of this case, the State Board could not assess it for the property at issue.

Indiana's personal property tax system is a self assessment system. It relies heavily on the full disclosure and accurate reporting of property by taxpayers. Indeed, 50 I.A.C. 4.2–2–5(c) provides:

The person holding, possessing, or controlling any tangible property in any capacity, which property is subject to taxation under this article, is required to file and attach with the return a complete listing on Form 103–N ... of all not owned property. The listing is to be filed in the taxing district where the property is located and must include the name and address of the owner, model, description, location, quantities on hand, date of installation, value (if known) per this article and any other information requested on the appropriate form.

■ This regulation is unambiguous. It specifies who must file a Form 103–N and what information must be included on the Form 103–N. When an administrative rule is unambiguous, there is no need to apply any rules of construction except that words

---

1. Dav–Con argues that even if an assessment can be levied against a possessor of tangible property, it still cannot be assessed for the property at issue because it had only *simple possession* of the property at issue, not a *possessory interest* as

defined by 50 I.A.C. 4.2–2–4(b). The court rejects this argument for the same reasons set forth in *Mid-America Mailers, Inc., v. State Board of Tax Commissioners* (1994), Ind.Tax, 639 N.E.2d 380, 384.

and phrases shall be taken in their plain, ordinary, and usual sense. *See Paul Heuring Motors,* 620 N.E.2d at 42; *Rogers v. State Board of Tax Comm'rs* (1991), Ind.Tax, 565 N.E.2d 398, 402 (rules of statutory construction apply to construction of administrative regulations.) The plain, ordinary, and usual meaning of the words in 50 I.A.C. 4.2–2–5(c) does not suggest that a taxpayer is relieved of the obligation to file a Form 103–N when the taxpayer does not know some of the information required on the return.[2] The regulation is clear; Dav–Con was required to file a Form 103–N and cannot make excuses for its failure to do so.

■ Finally, Dav–Con asserts that the State Board was obligated to attempt to assess the property at issue to its owners before it assessed the property to Dav–Con. The court disagrees.

■ I.C. 6–1.1–2–4 gives the State Board the "discretion to *tax either* the owner or the possessor unless the possessor can prove the owner is being taxed, or the owner has accepted liability for the tax under contract." *Mid–America Mailers,* 639 N.E.2d at 384 (emphasis added and emphasis in original). As already discussed, the meaning of the word "taxes" in I.C. 6–1.1–2–4(b) necessarily includes the levy of an assessment to collect those taxes. Therefore, when a possessor of tangible property has not shown that the owner is being taxed or the owner is liable for taxes under a contract, the State Board has the discretion to *assess either* the owner or the possessor of the tangible property.

Since Dav–Con has not shown that the property at issue was being assessed and taxed to its owners or that the owners were liable for the taxes under a contract, the State Board had discretion to assess either Dav–Con or the owners of the property at issue. In exercising its discretion, the State Board chose to assess Dav–Con.

## II

■ Next, Dav–Con contends that the State Board's valuation of the property at issue is arbitrary, capricious, and unsupported by substantial evidence. The court agrees.

■ In the absence of information provided by the party to be assessed, the State Board has authority to determine the assessed value of property by any method that is reasonable in light of the facts and circumstances and yields "substantial evidence" of the assessed value of the property. *See South Shore Marina, Inc. v. State Board of Tax Comm'rs* (1988), Ind.Tax, 527 N.E.2d 738, 742–43 *aff'd* (1989), Ind. 543 N.E.2d 644. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Here, the State Board's field auditor first discovered the property at issue when he conducted his review of Dav–Con's sales journal and invoices in October, 1992—seven months after the assessment date. There has been no contention that the property at issue remained in Dav–Con's possession at that time. Thus, it was reasonable for the State Board's field auditor to contact the four companies in effort to determine the assessed value of the property at issue. Nevertheless, the companies' responses do not constitute substantial evidence that Dav–Con underreported the assessed value of property in its possession by $140,170.

When the State Board's field auditor contacted the four companies, he asked them to report the "*[v]alue* of product encompassed by enclosed invoice." *Respondent's Exhibits E, F, I, and L* (emphasis added). The field auditor's inquiry is significant because the property at issue was inventory. *State*

---

2. Dav–Con acknowledges that it knew the names of the companies who rented storage space in its facility on March 1, 1992. *Trial Transcript* at 18. Dav–Con insists, however, that it could not have known whether these companies also owned the property at issue for there might have been liens on the property or the property might have been sold to third parties. *Trial Transcript* at 21–22.

When a statute or regulation asks a taxpayer to supply information that the taxpayer does not believe is available to him or her, the taxpayer is not entitled to ignore the statute or regulation. Rather, the taxpayer should attempt to comply with the statute or regulation to the best of his or her ability by providing the best information that is available.

*Board's Final Order* at 3.[3] Inventory is assessed according to its *cost.* 50 I.A.C. 4.2–5–3; 50 I.A.C. 4.2–5–5. *See also Mid–America Mailers,* 639 N.E.2d at 385–86. Cost is defined as "the price paid or consideration given to acquire an asset." 50 I.A.C. 4.2–5–5. Value, on the other hand, is defined as "the amount of money which property will command in exchange, if sold." *Black's Law Dictionary* 1391 (5th ed. 1979).

The evidence suggests that the State Board determined the assessed value of the property at issue, at least in part, by relying on figures that represented value, not cost. Indeed, Naylor Pipe Company and Mitsui specifically provided figures representing the *"value"* of their property. *Respondent's Exhibits E–1 and H.*

■ Likewise, the figures used by the State Board to account for property owned by Venzke Steel Corporation are also suspect. Venzke Steel Corporation simply wrote dollar amounts beside the items listed on the invoice that accompanied the field auditor's inquiry. *Respondent's Exhibit K.* The dollar amounts are ambiguous, however, because Venzke did not indicate whether they represented value, cost, or something else. *Respondent's Exhibit K.* Finally, International Metals did not even respond to the field auditor's inquiry. Consequently, the field auditor himself estimated the cost of International Metals' steel. The estimate does not, however, constitute substantial evidence to support the assessment against Dav–Con, for the estimate is not supported by any evidence at all.

The State Board had authority to contact the owners of the property at issue and request information that would help it calculate the assessment to be levied against Dav–Con. The record, however, does not show that the responses obtained reflected the actual cost of the property at issue to its respective owners. Accordingly, the court remands the valuation issue to the State Board for further consideration.[4]

### III

■ Dav–Con argues that the State Board erred in denying it an enterprise zone credit for inventory within its possession on the assessment date. There is no dispute that on the assessment date Dav–Con was located within an enterprise zone created under IND.CODE 4–4–6.1. Dav–Con's location within an enterprise zone, however, does not automatically qualify it for the enterprise zone credit. I.C. 6–1.1–20.8–2 provides:

(a) A person that desires to claim the credit provided by section 1 of this chapter [the enterprise zone inventory credit] *shall* file a certified application, on forms prescribed by the state board of tax commissioners, with:

(1) the auditor of the county where the property for which the credit is claimed was located on the assessment date; and

(2) the state board of tax commissioners.

(Emphasis added). When the word "shall" appears in a statute it is construed as mandatory, rather than directory, unless it appears clear that the legislature intended a different meaning. *UACC Midwest v. Indiana Dep't of Revenue* (1994), Ind.Tax, 629 N.E.2d 1295, 1301. Thus, in order to qualify for the enterprise zone credit, a person must file the proper forms with the proper taxing authorities. Dav–Con, however, did not file the requisite Enterprise Zone Business Personal Property Tax Credit (Form EZ1), and its argument that the accountants who prepared its tax forms were "ignorant" of the filing requirement does not excuse its failure to file. Accordingly, the State Board did not err in denying Dav–Con an enterprise zone inventory credit.

---

**3.** Dav–Con contends that the property at issue is not inventory within the meaning of 50 I.A.C. 4.2–5–1, and therefore, cannot be assessed as inventory. Dav–Con is mistaken. Just as the property at issue would constitute inventory in the hands of its owners, it constituted inventory in the hands of Dav–Con. *Mid–America Mailers,* 639 N.E.2d at 385.

**4.** Because the court remands the valuation issue to the State Board, it is not necessary to address Dav–Con's complaint that it did not have an opportunity to review the responses before the State Board hearing. Presumably, it will have this opportunity on remand.

## IV

■ Dav–Con further insists that it was entitled to an exemption for the property at issue under Indiana law and the Commerce Clause of the United States Constitution. The court disagrees.

I.C. 6–1.1–10–29, 29.3, and 30 create tax exemptions for personal property in interstate commerce. *See Monarch Steel Co. v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 611 N.E.2d 708, 711–13. IND.CODE 6–1.1–11–1, however, explains that exemptions may be waived:

> An exemption is a privilege which may be waived by a person who owns tangible property that would qualify for the exemption. If the owner does not comply with the statutory procedures for obtaining an exemption, he waives the exemption. If the exemption is waived, the property is subject to taxation.

The interstate commerce exemptions implement the U.S. Commerce Clause. Thus, "[a]bsent a judicial determination that Indiana's statutory scheme is unconstitutional, it is ... incumbent on taxpayers, ... both to comply with the procedures to seek an exemption under I.C. 6–1.1–11 and to meet the elements of the interstate commerce exemptions sought." *Mid–America Mailers,* 639 N.E.2d at 386.

Dav–Con did not comply with the statutory procedures for obtaining an exemption. It did not properly report its possession of the property at issue as required by IND.CODE 6–1.1–10–31.1,[5] and it did not file a Form 103–W as required by 50 I.A.C. 4.2–12–1(c). Thus, Dav–Con waived any claim it might have had to an interstate commerce exemption.

## V

■ Finally, Dav–Con contends that the State Board erred in imposing a twenty per-

cent undervaluation penalty. The only reason Dav–Con offers to support its argument is that Dav–Con's accountants were "ignorant of the annual filing requirements of the Enterprise Zone, and ignorant of the need for filing a Form 103[–]N for not-owned property." *Taxpayer's Complaint on Appeal* at 4.

IND.CODE 6–1.1–37–7(e) prescribes a penalty for persons who undervalue their personal property on their tax returns "if the amount of the undervaluation exceeds five percent of the value that should have been reported on the return." The penalty is twenty percent "of the additional taxes finally determined to be due as a result of the undervaluation." *Id.* The penalty is mandatory and offers no opportunity for discretion when "the facts meet the requirements of the statute." *Gulf Stream Coach, Inc. v. State Bd. of Tax Comm'rs,* (1988), Ind.Tax, 519 N.E.2d 238, 243.

By reporting less than the total assessed value that it was required by law to report, Dav–Con failed to comply with the requirements of I.C. 6–1.1–37–7(e). Therefore, if the amount of its undervaluation exceeds five percent of the proper amount, Dav–Con will be liable for the penalty. Until the State Board reaches a proper valuation, however, the amount of the penalty cannot be determined. Accordingly, the court remands the penalty issue to the State Board.

### *CONCLUSION*

For the foregoing reasons, the court hereby AFFIRMS the State Board's June 3, 1993, final determination as to issues I, III and IV and REMANDS issues II and V to the State Board for further action consistent with this opinion.

---

5. I.C. 6–1.1–10–31.1 provides:

A person who:
(1) is required to file a personal property return;
(2) has personal property in a warehouse or a foreign trade zone on the assessment date of any year; and

(3) wishes to claim the exemption provided under section 29, 29.3, 30 or 30.5 of this chapter;
shall report on the person's personal property return, in the manner prescribed by the state board of tax commissioners, the true tax value of the property for which the exemption is claimed.