**DAV–CON, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

**No. 45T10–9510–TA–00114.**

Tax Court of Indiana.

Dec. 8, 1998.

---

1138

Kenneth D. Reed, Abrahamson, Reed & Adley, Hammond, for Petitioner.

Jeffrey A. Modisett, Attorney General, Ted J. Holaday, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

Dav–Con, Inc. (Dav–Con) appeals the final determination of the State Board of Tax Commissioners (State Board) assessing not-owned business personal property located on its premises as of March 1, 1992 pursuant to this Court's remand order in *Dav–Con, Inc. v. State Board of Tax Commissioners*, 644 N.E.2d 192 (Ind. Tax Ct.1994) (*Dav–Con I*)

## ISSUES

I. Whether the State Board's final determination with regard to the March 1, 1992 assessment of not-owned business personal property was without substantial evidentiary support and/or arbitrary or capricious.

II. Whether the State Board erred when it applied a twenty percent penalty to the

1. See *Dav–Con I*, 644 N.E.2d at 193–94 (Ind. Tax Ct.1994) for a full description of Dav–Con's business activity. Because the facts of this case are stated in *Dav–Con I*, the Court will only discuss facts and procedural history pertinent to the case at bar.

2. IND.CODE ANN. § 6–1.1–37–7(e), in relevant part, states:

If the total assessed value that a person reports on a personal property return is less than the total value that the person is required by law to report and if the amount of the undervaluation exceeds five percent (5%) of the value that

amount Dav–Con underassessed its not-owned business personal property.

## FACTS AND PROCEDURAL HISTORY

Dav–Con is an Illinois corporation engaged in the business of steel processing and storage. Dav–Con operates a plant in Hammond, Indiana.[1] Dav–Con challenges the final assessment determination made by the State Board after this Court remanded the assessment of Dav–Con's not-owned business personal property. In *Dav–Con I*, Dav–Con appealed the final determination to this Court arguing, inter alia, that the State Board's assessment was without substantial evidentiary support and that the State Board erred when it imposed a twenty percent undervaluation penalty on Dav–Con.

On remand, the Court ordered the State Board to base the assessment of the steel that was in Dav–Con's possession on the steel's actual cost rather than its value. The Court also held that Dav–Con failed to comply with the requirements of section 6–1.1–37–7(e) by reporting less than the total assessed value of the taxable property that it was required by law to report. *See* IND. CODE ANN. § 6–1.1–37–7(e) (West Supp. 1998).[2] The Court stated that once the actual cost of the steel was determined, the Court would then determine the amount of the penalty to be applied for the undervaluation of taxable personal property as required by statute. *See id.*

In *Dav–Con I*, of the seven companies owning steel located on Dav–Con's premises, four companies, Naylor Pipe, Mitsui, Venske Steel, and International Metals were found not to have reported their steel.[3] Pursuant to the Court's order remanding this case, the State Board conducted further proceedings

should have been reported on the return, then the county auditor shall add a penalty of twenty percent (20%) of the additional taxes finally determined to be due as a result of the undervaluation.

3. In *Dav–Con I*, Dav–Con stored steel for seven different companies on March 1, 1992. The hearing officer discovered this after examining the North Township Assessor's files. He also learned that only three of the seven companies had reported their steel. *Dav–Con I*, 644 N.E.2d at 194. These companies paid taxes on the steel. Therefore, the steel they owned is not in issue.

and, again, contacted the four companies that owned steel in Dav–Con's possession in order to ascertain the actual cost of the steel. In reply, two of the four companies, Naylor Pipe and Mitsui, stated that the actual cost of the steel was either the same or "materially" the same as the value of the steel previously reported. Accordingly, the State Board hearing officer adopted these figures for the assessment of the steel owned by Naylor Pipe and Mitsui. Of the remaining two companies, one company, Venske Steel, did not respond, and correspondence to International Metals was returned by the post office as undeliverable. (Stip.Ex. F).

For the assessment of Venske Steel, the State Board hearing officer concluded that because Naylor Pipe and Mitsui made no distinction between value and cost in their two responses, it would be reasonable to use the figure previously reported by Venske ($3,872.85) again. For International Metals, the hearing officer estimated the cost of inventory ($5,000) based on the storage invoice of the property. (Stip.Ex. D). On July 28, 1995, pursuant to this Court's remand order, the State Board held a hearing regarding the issues involved. Testimony and exhibits were received into evidence at the hearing. The end result of the hearing was that the amount of the assessment did not change from what was previously determined by the State Board, and the twenty percent (20%) penalty on the underreported amount was reinstated. On October 6, 1995, Dav–Con filed this original tax appeal to challenge the reassessment and the twenty percent penalty. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

 The Court accords great deference to the State Board when it has acted within the scope of its authority. *Garcia v. State Bd. of Tax Comm'rs*, 694 N.E.2d 794, 795–96 (Ind. Tax Ct.1998). The Court will reverse a final determination by the State Board only if it is unsupported by substantial evidence, constitutes an abuse of discretion, exceeds

statutory authority, or is arbitrary and capricious. *Id.*

## Discussion

I. Whether the State Board's final determination with regard to the March 1, 1992 assessment of not-owned business personal property was without substantial evidentiary support and/or arbitrary or capricious.

Dav–Con makes three contentions regarding the first issue. The arguments will be discussed independently. First, Dav–Con contends that IND.CODE ANN § 6–1.1–2–4(a) (West 1989) (amended 1997) imposes primary liability for personal property tax on the *owner* of the property on the relevant assessment date. Second, Dav–Con contends that the correspondence sent to the four companies by the State Board was flawed, thereby invalidating the assessment. Finally, Dav–Con contends that the assessment itself was erroneous.

### Liability for Personal Property Tax

██ Dav–Con argues that the primary liability for the personal property tax on the steel falls on the owners of the steel. Consequently, in Dav–Con's view, the State Board is required to hold the owners of the steel liable for the personal property tax before it may hold Dav–Con liable for the tax. This Court rejected a substantially similar argument in *Dav–Con* I. In *Dav–Con* I, this Court held that the State Board had the authority under subsection 6–1.1–2–4(a) to hold the possessor of personal property liable for the tax on that property. *See Dav–Con* I, 644 N.E.2d at 194–96. Moreover, subsection 6–1.1–2–4(a) does not forbid the State Board from holding possessors of personal property liable for personal property tax without first holding the owners of that personal property liable for that tax. *See Mid-America Mailers, Inc.v. State Bd. of Tax Comm'rs*, 639 N.E.2d 380, 384 (Ind. Tax Ct.1994). As a result, the State Board is not forced to pursue the owners of the steel for payment of the personal property tax before it may pursue Dav–Con for payment of that tax.[4] Therefore, Dav–Con's argument is without merit.

---

4. In *Dav–Con* I, the Court held that statutes must be "reasonably and fairly interpreted so as to give [them] efficient operation, and to give effect

if possible to the expressed intent of the legislature." *Dav–Con* I, 644 N.E.2d at 195 (quoting *State v. Griffin*, 226 Ind. 279, 79 N.E.2d 537, 540

### The Validity of the Correspondence

█ Dav–Con contends that the State Board did not obtain the "true-cost" of the steel because the correspondence sent by the State Board to the four companies did not adequately define cost. As a result, in Dav–Con's view, the figures provided by the companies that did respond to the correspondence were flawed. Therefore, according to Dav–Con, the State Board's final determination based on those figures was invalid.

Under the applicable regulation, the primary tool for ascertaining the cost of an item is the "price paid or consideration given to acquire [the item]." IND. ADMIN. CODE tit. 50, r. 4.2–5–5(a) (1996); *see also Dav–Con* I, 644 N.E.2d at 197; *Mid–America Mailers,* 639 N.E.2d at 385–86; IND ADMIN. CODE tit. 50, r. 4–2–5–1(a)(3) (1996). Acting on the remand instructions, the State Board sent out a second set of correspondence to the four steel companies in order to determine the cost of the steel. This correspondence posed the following questions:

1. Was the amount you previously submitted the same as the cost of the inventory stored at Dav–Con, Inc? Yes___ No___;

2. If the amount you previously submitted was not cost[,]what did the amount represent?___; and,

3. If the amount you previously submitted was not cost[,]please provide the cost of the inventory. $___

(Stip.Ex. D). The letter the State Board sent to International Metals was different because International Metals had not responded previously. The correspondence to International Metals stated:

Pursuant to the court's order[,] the State Board is now requesting that you submit the cost of your inventory located at Dav–Con, Inc. on March 1, 1992 per the enclosed storage invoice. Please submit the cost ... by May 5, 1995. Copies of any information that you submit will be shared with Dav–Con. The field auditor originally estimated the amount of the inventory at $5,000.00. If you do not respond to this request by May 5, 1995, the State Board

will consider the field auditor[']s estimate amount of $5,000.00 to be the best estimate of cost.

(Stip.Ex. D).

In *Dav–Con* I, the correspondence sent to the companies was insufficient in that it sought the *value* of the steel rather than the cost of the steel. On remand, the State Board followed the instructions given by this Court in that the second set of correspondence *did* include language that sought the cost of the steel. (Stip.Ex. D). Dav–Con received copies of the letters sent by the State Board to the four companies and their responses. Dav–Con, at that time, did not complain of the wording of the letters. Nor did Dav–Con attempt to contact the four companies to obtain cost estimates. Moreover, Dav–Con did not present any evidence to refute the State Board's proposed figures or to help in any other way to establish cost. (Stip.Ex. A). Dav–Con asks the Court to hold that the State Board's final assessment determination is invalid simply because it was based on responses to correspondence that did not specifically define cost.

· It is true that the State Board's correspondence could have defined cost with greater precision. This fact, in and of itself, does not entitle Dav–Con to relief. Instead, under this Court's standard of review, Dav–Con must demonstrate that the State Board's correspondence was not a reasonable method of ascertaining cost of the steel.

Dav–Con has not done so. The regulations define cost as "the price paid or consideration given to acquire an asset." IND. ADMIN. CODE tit. 50 r. 4.2–5–5(a) (1996). Cost, in everyday usage means, inter alia, "the amount or equivalent paid or given or charged or engaged to be paid or given for anything bought...." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 515 (1981). Therefore, the difference between the meaning of cost as it is used in the regulations and the meaning of cost in common ordinary usage is not great. As a result, this Court cannot hold that the correspondence was unreasonable. Consequently, Dav–Con's chal-

---

(Ind.1948)) (alteration in original). The Court stated further that "statutes should not be wantonly narrowed, limited or emasculated and ren-

dered ineffective, absurd or nugatory." *Id.* (quoting *Griffin,* 226 Ind. 279, 79 N.E.2d at 540.)

lenge to the State Board's final determination on the basis that the correspondence did not adequately define cost fails.

### The State Board's Assessment of the Not–Owned Steel

As a starting point for its analysis, the Court notes that Dav–Con's argument is largely undifferentiated with respect to the four companies that owned steel in Dav–Con's possession. However, the fact that two companies, Naylor Pipe and Mitsui, responded to the State Board's correspondence and two did not requires the Court to engage in separate analysis.

#### A. Naylor Pipe and Mitsui

■ Of the four companies that were contacted pursuant to remand instructions, two, Mitsui and Naylor Pipe responded. In their responses, they indicated that the amount previously submitted was either the same or materially the same as the cost of the steel they stored at Dav–Con. (Stip.Ex. E). The State Board based its assessment of the steel owned by these two companies on their representation of the cost of the steel. This constitutes substantial evidence of the cost of the steel owned by these two companies because the State Board is entitled to rely on the representations of the owners of the steel to determine the cost of the steel.

#### B. Venske Steel

Because Venske Steel did not respond to the correspondence, and Dav–Con did not offer any evidence concerning the assessment of the steel owned by Venske Steel, the State Board was forced to determine and apply a cost figure to the amount of steel possessed by Dav–Con, but owned by Venske Steel. The hearing officer deemed it reasonable to use the figure previously reported ($3,872.85) by Venske Steel. The hearing officer concluded that because the two companies that responded to the second set of correspondence did not change the figure they reported, it would be reasonable to assume that the figure previously reported by Venske Steel reflected the cost of the steel.

■ In the absence of information provided by the taxpayer, the State Board has the authority to "determine the assessed val-

ue of property by any method that is reasonable in light of the facts and circumstance and yields 'substantial evidence' of the assessed value of the property." *Dav–Con* I, 644 N.E.2d at 196; (quoting *South Shore Marina, Inc. v. State Bd. Tax Comm'rs*, 527 N.E.2d 738, 742–43 (Ind. Tax Ct.1988), *aff'd*, 543 N.E.2d 644 (Ind.1989)). In this case, Dav–Con has offered no evidence tending to show that this method of determining the cost of the steel was unreasonable. *See Precedent v. State Bd. of Tax Comm'rs*, 659 N.E.2d 701, 706 (Ind. Tax Ct.1995).

In addition, Dav–Con has not demonstrated that the State Board's assessment was without substantial evidentiary support. The State Board based its assessment of the cost of the steel on a figure previously reported to it as the value of the property. It did so after observing that two other companies in the same type of business had reported that the value of the steel was the same, or substantially the same, as its value. This constitutes evidence that a "reasonable mind might accept as adequate to support a conclusion." *See Dav–Con* I, 644 N.E.2d at 196.

■ To hold otherwise would place an intolerable burden on the State Board. In Indiana, the personal property tax system, *unlike the real property tax system*, is a self-assessment system. *See* IND.CODE § 6–1.1–3–9 (West 1989); *see also Paul Heuring Motors, Inc. v. State Bd. of Tax Comm'rs*, 620 N.E.2d 39, 41 (Ind. Tax Ct.1993). Therefore, the system relies on taxpayers reporting taxable personal property. When the State Board assesses personal property, it often does so, as this case amply demonstrates, in absence of any information provided by the taxpayer. This lack of information cannot be held against the State Board.[5] To do so would allow taxpayers to profit from a refusal to comply with the law.

The State Board came to a reasonable conclusion regarding the assessment of the Steel owned by Venske *in light of the evidence available to the State Board.* Dav–Con could have offered additional evidence concerning the assessment. *See North Park*

---

5. The refusal of a taxpayer to report taxable personal property does not give the State Board the freedom to assign arbitrarily any value to unreported taxable personal property.

*Cinemas v. State Bd. of Tax Comm'rs,* 689 N.E.2d 765, 769 (Ind. Tax Ct.1997) ("A party who stands to be adversely affected [by a State Board decision] has an obvious responsibility to appear before the State Board and present evidence and argument in support of its position"). Dav–Con chose not to do so. *Cf. Clark v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1230, 1235–36 n. 4 (Ind. Tax Ct.1998) (where taxpayer chooses not to present evidence at the State Board level, taxpayer must accept the consequences of that choice in an original tax appeal).

## C. International Metals

Because International Metals did not respond to the correspondence, and Dav–Con failed to submit to the State Board evidence demonstrating the cost of the steel, the hearing officer was forced to assess International Metals' steel based on the storage invoice of the property.[6] (Stip.Ex. D). Accordingly, the cost of the steel was estimated to be five thousand dollars ($5,000). Based on the same analysis set out above for Venske Steel, this Court holds that the State Board came to a reasonable conclusion regarding the assessment of the steel owned by International Metals in light of the evidence available to the State Board. Again, Dav–Con could have offered additional evidence concerning the assessment, but it did not. *See North Park Cinemas, Inc.,* 689 N.E.2d at 769.

When the Court considers the efforts undertaken to secure the actual cost of the steel, the information that the estimates were based upon, combined with Dav–Con's failure to submit competing evidence, Dav–Con's arguments that the "true-cost" of the International Metal's steel was not obtained fail. Dav–Con cannot successfully argue that the State Board's final determination was not based on substantial evidence. Under this Court's standard of review, the Court will not reverse the State Board's final determination.

█ The Court is aware that the assessment of property is not an exact science and uncertainties exist in some taxation matters. *See Clark,* 694 N.E.2d at 1240–41 (citing

*Estate of McLendon v. Commissioner,* 135 F.3d 1017,1021–23 (5th Cir.1998) (due to uncertainty of calculations of the value of future interests, use of actuarial tables is "tolerated"); *Yoon v. Commissioner,* 135 F.3d 1007, 1013 (5th Cir.1998) (establishment of taxpayers net worth does not have to be done with mathematical precision, rather the court must be satisfied that the IRS' determination of net worth is reasonably certain); *Jones v. Commissioner,* 903 F.2d 1301,1303–04 (10th Cir.1990) (reconstruction of taxpayers income may be barred as non-arbitrary estimates)). Therefore, inherent in cost estimates are opportunities for miscalculations. For example, there could have very well been a miscalculation in the hearing officer's estimate of International Metals' steel based on the storage invoice. However, if Dav–Con was sincere in its belief that the hearing officer's estimate of International Metals' steel was an error (or that the actual cost was not supplied by the true owners of the companies who responded), it could have supplemented its cause with evidence. It did not do so. Therefore, the final determination of the State Board stands.

II. Whether the State Board erred when it applied a twenty percent penalty to the amount Dav–Con underassessed its not-owned business personal property.

Dav–Con contends that it should not be required to pay a twenty percent penalty payment. In *Dav–Con* I, the Court delayed deciding what amount of penalty would apply until after the State Board determined the true cost of the steel. This was to ensure an accurate penalty based on the underassessed amount. *See* IND.CODE § 6–1.1–37–7(e); *see also Dav–Con* I, 644 N.E.2d at 198.

In this case, Dav–Con underreported its not-owned personal property. A penalty payment is required of those who undervalue their personal property on a personal property tax return by more than five percent (5%). *See* IND.CODE ANN. § 6–1.1–37–7(e); *see Dav–Con* I, 644 N.E.2d at 198. If a taxpayer undervalues its property by more than five percent, the amount of the penalty applied is

6. The storage invoice of International Metals' steel gives a description of the items included. The record, however, does not indicate how the hearing officer's estimate of $5,000 arose from the invoice. Because Dav–Con did not object to the amount of the estimate, the Court can only assume that the process by which the hearing officer based his estimate was valid.

twenty percent "of the additional taxes finally determined to be due as a result of the undervaluation." *Dav–Con* I, 644 N.E.2d at 198 (quoting IND.CODE § 6–1.1–37–7(e)).

 Subsection 6–1.1–2–4(a) clearly imposes liability on a person who holds or possess personal property on the assessment date of a year. Subsection 6–1.1–37–7(e) requires application of the penalty "when the facts are clear." *Monarch Steel Co. v. State Bd. of Tax Comm'rs*, 611 N.E.2d 708, 715 (Ind. Tax Ct.1993). The penalty is mandatory, and there is no opportunity for discretion when "the facts meet the requirements of the statute." *Gulf Stream Coach, Inc. v. State Bd. of Tax Comm'rs*, 519 N.E.2d 238, 243 (Ind. Tax Ct.1988). It is well-settled, however, that the imposition of the penalty is improper " 'when reasonable interpretive differences' divide the parties." *Monarch Steel Co.*, at 715 (quoting *Rogers v. State Bd. of Tax Comm'rs*, 565 N.E.2d 398, 403 (Ind. Tax Ct.1991)). The case at bar does not provide any evidence where reasonable interpretive differences may cause abatement of the penalty.

Because Dav–Con reported less than the total assessed value it was required by law to report and because the State Board reached a proper valuation on remand, the penalty stands. *See Dav–Con* I, 644 N.E.2d at 198.

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the State Board's final determination in all respects.