## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 25 2015, 8:22 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT, PRO SE

Bill O. McClain, Jr.
Putnamville Correctional Facility
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kenneth E. Biggins
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bill McClain, Jr.,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

September 25, 2015

Court of Appeals Case No.
33A01-1408-CR-348

Appeal from the Henry Circuit Court

Trial Court Cause No.
33C02-1307-PC-3

The Honorable Kit C. Dean Crane, Judge

**Pyle, Judge**

[1] Bill McClain ("McClain"), *pro se*, appeals the denial of his petition for post-conviction relief. On appeal, he essentially claims that because he has no obligation to register as a sex offender, he should not be subjected to conditions of parole reserved for sex offenders. However, we do not reach the merits of

McClain's appeal because the current case appears to be an unapproved successive petition for post-conviction relief. Our post-conviction rules required McClain to seek this Court's permission to file a successive petition for post-conviction relief. Because he failed to do so, we reverse and remand with instructions to the post-conviction court to dismiss McClain's petition for post-conviction relief.[1]

We reverse and remand with instructions.

## Issue

> Whether McClain's petition for post-conviction relief is an unapproved successive petition for relief.

## Facts

In May 1994, after two separate jury trials, McClain was convicted in Hendricks County of child molesting, rape, and criminal deviate conduct and sentenced to an aggregate term of thirty-six (36) years in the Department of Correction ("DOC"). In May 2009, McClain was paroled under the terms and conditions for sex offenders, though he had no obligation to register as a sex

---

[1] McClain was released during the pendency of this appeal, and he filed a motion requesting that we enjoin the Indiana Parole Board from requiring his participation in the Sex Offender Management and Monitoring ("SOMM") program. He relies on the post-conviction court's order of March 4, 2014 and claims that the order relieved him from the obligation to participate in the program. However, the order only stated that McClain could not incriminate himself while participating in the program. *See* App. Vol. III at 252. In any event, because of the disposition of his appeal, we dismiss McClain's Motion to Stay as moot in an order issued contemporaneously with this opinion.

offender.[2]  Two months after his release, McClain violated his parole and returned to the DOC.

[4] Four years later, while still incarcerated, McClain filed a *pro se* request for leave to file a petition for post-conviction relief with the Henry County Circuit Court, which was the court of the county of his incarceration.[3]  In his petition, McClain claimed that the State and the DOC had violated the prohibition against *ex post facto* laws by requiring him to abide by parole conditions for sex offenders even though he had no obligation to register as a sex offender. Particularly, he claimed that making him participate in the SOMM program while in prison or on parole violated his Fifth Amendment rights against self-incrimination.

[5] The post-conviction court held a hearing on December 2, 2013 and took the matter under advisement.  In the interim, the State filed a motion to dismiss on December 26, 2013, and the post-conviction court later denied it on March 6, 2014.  In addition to denying the motion to dismiss, it appears the post-conviction court enjoined the DOC from requiring McClain to incriminate

---

[2] McClain was charged and convicted before Indiana's Sex Offender Registration Act was enacted and had no obligation to register per our supreme court's opinion in *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009).

[3] Our post-conviction rules typically require defendants to file petitions in the county where their conviction took place "except that a person who claims that the person's parole has been unlawfully revoked must file a verified petition with the clerk of the court in the county which the person is incarcerated."  Ind. Post-Conviction Rule 1(2).

himself as part of participating in the SOMM program while in prison or on parole.

[6] While the court had McClain's petition under advisement, our supreme court issued its opinion in *Bleeke v. Lemmon*, 6 N.E.3d 907 (Ind. 2014) on April 16, 2014, which addressed parole conditions and the SOMM program. A little over a month later, McClain filed a motion for summary judgment relying on the supreme court's opinion. The State filed its response on June 20, 2014. Four days later, the post-conviction court issued its ruling, concluding that his sex offender parole conditions did not violate the prohibition against *ex post facto* laws. McClain now appeals the post-conviction court's denial of his petition.

## Decision

[7] On appeal, McClain argues that the post-conviction court erred when it denied his petition for post-conviction relief. However, we do not reach the merits of his petition because the post-conviction court did not have jurisdiction to hear the case.

[8] After an initial petition for post-conviction relief, a petitioner may seek a second or successive petition for post-conviction relief by filing the petition with the Clerk of the Appellate Courts. P-C.R. 1(12)(a). If a petitioner files a successive petition for post-conviction relief without seeking leave from this Court, the post-conviction court is required to dismiss the petition due to a lack of jurisdiction. *Beech v. State*, 702 N.E.2d 1132, 1137 (Ind. Ct. App. 1998).

McClain has previously filed two petitions for post-conviction relief for his separate convictions for rape and criminal deviate conduct under cause number 32-D01-9310-CF-000275 and child molesting under cause number 32-D01-9212-CF-000126. Post-conviction courts denied both petitions in 1997 and 2001, respectively. McClain's 2013 filing at issue in this appeal is entitled "Pro Se Request for Leave to File Post-Conviction Relief" and identifies the previously mentioned cause numbers as the subject of his petition. In addition, he filed the document with the Henry County Circuit Court instead of the Clerk of the Appellate Court. The post-conviction court likely relied on McClain's assertion in his petition that he had not sought prior relief under our post-conviction rules. *See* App. Vol. I at 24.

Because this Court did not grant McClain leave to file his petition for post-conviction relief, we reverse and remand with instructions to the post-conviction court to dismiss McClain's petition. *See, e.g.*, *Beech*, 702 N.E.2d 1137. (post-conviction court's order reversed with instructions to dismiss where petitioner failed to seek leave from this Court to file a successive petition for post-conviction relief).

Reversed and remanded with instructions.

Crone, J., and Brown, J., concur.