MIKE FLOURNOY, APPELLANT, v. McKINNON FORD SALES, RESPONDENT.

No. 7395

March 28, 1974 520 P.2d 600

*McCune and Williams,* of Reno, for Appellant.

*Erickson and Thorpe* and *George W. Swainston,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

This action to recover damages for the negligent repair of a truck was commenced in Washoe County by Mike Flournoy. The defendant McKinnon Ford Sales, a domestic corporation, timely filed a demand and motion to change venue to Pershing County, the only county in Nevada where it does business. The defendant's articles of incorporation designated an address in Reno, Washoe County, Nevada, as its principal office or place of business, and the certificate of the resident agent in charge of its principal office also specified an address in Washoe County.[1] The conflict between the corporate defendant's actual

---

[1] NRS 78.035: "The certificate or articles of incorporation shall set forth:

 1. . . . .

place of business, Pershing County, and its principal place of business reflected by its official corporate documents on file and of record, Washoe County, tenders the issue of this appeal. The district court ruled for the defendant and transferred the cause to Pershing County.

It is the plaintiff's position that he is privileged to rely upon official records of the corporate defendant for the purposes of venue, and that such defendant may not be heard to assert that its corporate residence or principal place of business is other than reflected by such records.[2] The defendant insists that the determination of its residence within the contemplation of the venue statute is a question of fact in each case, and that it is not foreclosed by the designation in official documents which it caused to be prepared and filed.

As with a natural person, a domestic corporation is deemed to have a residence at some place in the state and that place is generally regarded as being the one at which the principal office or place of business is located. State v. Circuit Court for Multnomah County, 211 P.2d 994, 999 (Ore. 1949). The parties to this case acknowledge this to be so. The issue, then, is whether the corporate designation of a principal place of business in official documents on file, and relied upon by the plaintiff, is conclusive as to the corporation insofar as venue of that action is concerned. We hold that it is.

The authorities elsewhere are not uniform. See Annot., 175

---

2. The name of the county, and of the city or town, and of the place within the county, city or town in which its principal office or place of business is to be located in this state, giving the street and number wherever practicable; . . . ."

NRS 78.090(1): "Every corporation shall have a resident agent, who may either be an individual or a corporation, resident or located in this state, in charge of its principal office."

[2]Unlike many states, Nevada does not have a venue statute dealing solely with an action against a domestic corporation. Consequently, the general venue statute applies. Insofar as the instant case is concerned the controlling statute is NRS 13.040 which in relevant part provides: "In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action. . . ."

The Washoe County court could have entertained a timely motion to change venue upon the discretionary grounds specified in NRS 13.050(2)(b)(c). Fabbi v. First National Bank, 62 Nev. 405, 153 P.2d 122 (1944); Stocks v. Stocks, 64 Nev. 431, 438, 183 P.2d 617 (1947). The defendant did not base its motion on such grounds, but chose to rely solely upon NRS 13.040.

A.L.R. 1092. The leading case on point is Higgins v. Hampshire Products, 30 N.W.2d 390 (Mich. 1948). The court held that the designation in the articles of incorporation of the principal place of business was conclusive as to the corporation for purposes of venue, although such designation may not be binding on other parties.[3] It reasoned that one of the legislative purposes in requiring that the articles of incorporation specify the address of the corporation's principal place of business was to fix its location or residence under the venue statutes, and concluded that those searching the records should be entitled to rely upon the representations therein contained. This reasoning appeals to us. A corporation is charged with a duty to see that its records speak the truth. It should not be permitted to frustrate the legislative purpose by offering evidence in contradiction of its official documents. Should the corporation desire to change its principal place of business from time to time, it may do so by appropriate amendment to its articles, or by board resolution certified and filed with the Office of the Secretary of State. NRS 78.110.

We reverse the order changing the place of trial and direct that the cause be returned to the Second Judicial District Court for Washoe County.

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.

---

[3]NRS 78.055 provides that a certified copy of articles of incorporation shall be received in all courts as prima facie evidence of the facts therein stated. Thus, it would seem that controverting evidence may be received. As to venue, we construe that statute to allow controverting evidence from a party other than the corporation.