**PAUL HEURING MOTORS, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 45T10–9206–TA–00042.

Tax Court of Indiana.

Sept. 14, 1993.

Joseph S. Van Bokkelen, Goodman Ball & Van Bokkelen, Highland, for petitioner.

Pamela Carter, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Petitioner, Paul Heuring Motors, Inc. (Heuring), appeals the final determination of the Respondent, the State Board of Tax Commissioners (the State Board), assessing Heuring's business personal property for the March 1, 1991, assessment.

## FACTS

Heuring, an Indiana corporation with its principal place of business in Hobart Township, Lake County, operates an automobile dealership. Heuring sells both new Ford automobiles and trucks in addition to used vehicles.

On or about February 26, 1991, Heuring moved fewer than half of its vehicles to a lot in Porter County for a special sale. During the sale, Heuring placed sale advertisements in the Porter County newspapers and paid rent to the owner of the lot. Heuring returned the unsold vehicles to Lake County approximately five days later, on or about March 3, 1991.

Heuring filed property tax returns with the officials in both Lake County and Porter County, reflecting the inventory in each location on March 1, 1991. The State Board conducted an audit of Heuring in January 1992. It concluded that Heuring had not obtained a taxable situs in Porter County and that all the inventory reported there should have been reported in Lake County. Consequently, the State Board determined Heuring had under-reported its inventory by more than five percent (5%) in Lake County and it assessed a twenty percent (20%) penalty pursuant to IND.CODE 6–1.1–37–7(e). Additional facts will be supplied as necessary.

## ISSUE

Whether the State Board acted arbitrarily and capriciously in assessing a twenty percent (20%) undervaluation penalty under IC 6–1.1–37–7(e) for the value of the vehicles which Heuring reported for assessment in Portage Township, Porter County.

## DISCUSSION AND DECISION

The State Board is accorded great deference when acting within the scope of its authority, and the Tax Court will reverse the State Board's final determination only when it is unsupported by substantial evidence, constitutes abuse of discretion, exceeds statutory authority, or is arbitrary or capricious. *Wirth v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 613 N.E.2d 874, 876 (citing *Centrium Group v. State Bd. of Tax Comm'rs* (1992), Ind.Tax, 599 N.E.2d 242, 243 and *Hatcher v. State Bd. of Tax Comm'rs* (1992), Ind.Tax, 601

N.E.2d 19, 20). Like any other party appealing an administrative decision, the taxpayer bears the burden to show the State Board's assessment was inaccurate. *Meridian Hills Country Club v. State Bd. of Tax Comm'rs* (1987), Ind.Tax, 512 N.E.2d 911, 913.

## I.

■ Heuring contends it should not be penalized for undervaluing its property because it reported all of its property, albeit in two different counties. Rather, Heuring argues an interpretive difference existed concerning the proper county for assessment. "Except as otherwise provided by law, all tangible property which is within the jurisdiction of this state on the assessment date of a year is subject to assessment and taxation for that year." IND. CODE 6–1.1–2–1. IND.CODE 6–1.1–3–1 provides for the place of assessment:

(a) Except as provided in subsection (c) of this section, personal property which is owned by a person[1] who is a resident of this state shall be assessed at the place where the owner resides on the assessment date of the year for which the assessment is made.

. . . . .

(c) Personal property shall be assessed at the place where it is situated on the assessment date of the year for which the assessment is made if the property is:

(1) regularly used or permanently located where it is situated....

IC 6–1.1–3–1 (footnote added). Therefore, unless the property in question falls within subsection (c), personal property owned by an Indiana resident must be assessed where the owner resides. The general rule is that a corporation's domicile or residence, within the state of its creation, is in the county and city, town, or district in which its principal office or place of business is located, *Flournoy v. McKinnon Ford Sales* (1974), 90 Nev. 119, 121, 520

P.2d 600, 601–02, as designated in its charter or certificate of incorporation, *Mavity v. First of Georgia Ins. Co.* (1967), 115 Ga.App. 763, 156 S.E.2d 191, 192, although it may also have offices or places of business elsewhere. *Dairymen's League Co-op Ass'n v. Brundo* (1927, Oneida County Ct.), 131 Misc. 548, 549, 227 N.Y.S. 203, 206. When in conflict, the State Board shall determine the proper county to assess personal property. IND.CODE 6–1.1–3–4(a). Heuring does not contest that Lake County is the correct place for assessment, but protests only the assessment of the penalty for its undervaluation in Lake County.

The Indiana personal property tax system is a self assessment system. It is therefore heavily reliant on full disclosure and accurate reporting. IND.CODE 6–1.1–3–9 requires:

(a) In completing a personal property return for a year, a taxpayer shall make a complete disclosure of all information, required by the state board of tax commissioners, that is related to the value, nature, or location of personal property:

(1) which he owned on the assessment date of that year; or

(2) which he held, possessed, or controlled on the assessment date of that year.

(b) The taxpayer shall certify to the truth of:

(1) all information appearing in a personal property return; and

(2) all data accompanying the return.

IC 6–1.1–3–9. If a taxpayer has made a complete disclosure on its return form, no penalty should be charged to the extent that a claimed exemption, adjustment for abnormal obsolescence, or adjustment for permanently retired equipment was disclosed and then later denied, but all other undervaluation must be penalized. *See* IND.CODE 6–1.1–37–7(a) and (e); 50 I.A.C. 4.2–2–10(d). When undervaluation exceeds five percent (5%) of the value that should

---

**1.** IND.CODE 6–1.1–1–10 states that "person" includes a sole proprietorship, partnership, association, corporation, fiduciary, or individual.

have been reported on the return, a twenty percent (20%) penalty must be imposed under IC 6–1.1–37–7(e). Under 50 I.A.C. 4.2–2–10(d), the purpose of undervaluation penalties is

> to ensure a complete disclosure of all information required by the state board on the prescribed self-assessment personal property form(s). This enables the township assessor, county board of review, and state board to carry out their statutory duties....

50 I.A.C. 4.2–2–10(d). The purpose of the penalty regulation is to ensure complete disclosure and not to penalize those who have made complete disclosure, mathematical errors, or interpretive differences. *See* 50 I.A.C. 4.2–2–10. "The imposition of a penalty when reasonable interpretive differences exist is inconsistent with the purpose of the penalty statute and regulation." *Rogers v. State Bd. of Tax Comm'rs* (1991), Ind.Tax, 565 N.E.2d 398, 403. The present case, however, does not involve interpretive differences.

 To determine whether a taxpayer has made complete disclosure, the complete return package must be considered. "A complete return package consists of the return form itself (Form 102 or 103), and all necessary supplemental forms and supporting schedules which must be filed with the return." 50 I.A.C. 4.2–2–10(d). IND. CODE 6–1.1–3–10(a) states that "[i]f a taxpayer owns, holds, possesses, or controls personal property which is located in two (2) or more townships, he shall file any additional returns with the state board ... which the board may require by regulation." Finally,

> Every taxpayer who is required by statute or this article to file in more than one (1) taxing district in the state must file a summary form, Form 105 ... directly with the state board on or before July 15 of each year. This form must indicate the taxing districts where returns are required to be filed and the assessed values reported to the local assessor. This requirement is in addition to all other requirements imposed by law and this

article relating to the filing of personal property tax forms and returns.

50 I.A.C. 4.2–2–6. Form 103 specifically asks the filer if he has any other locations within the state. Heuring did not indicate on either its Lake County return or its Porter County return that it had other locations within the state. Furthermore, had Heuring reasonably believed it was entitled to file returns in both counties, it should have filed the supplemental Form 105, which it failed to do. Thus, Heuring did not make a complete or accurate disclosure and must be penalized under IC 6–1.1–37–7. In *Gulf Stream Coach, Inc. v. State Board of Tax Commissioners* (1988), Ind.Tax, 519 N.E.2d 238, 243, this court held that IC 6–1.1–37–7 is clear and offers no opportunity for discretion in applying the penalty if the facts meet the requirements of the statute. There is no dispute that Heuring undervalued its inventory on the Lake County return by more than five percent (5%). Heuring is therefore subject to the IC 6–1.1–37–7 penalty unless it can show reasonable interpretive differences exist surrounding the place of assessment statute, IC 6–1.1–3–1.

Heuring maintains that because it intended to make regular use of the Porter County location, it was entitled to report its property for assessment in Porter County. Heuring therefore contends that its reading of IC 6–1.1–3–1 is a reasonable one for which it should not be penalized. Heuring is mistaken.

 Words of a statute must be read in their plain, ordinary, and usual sense. *Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 569 N.E.2d 765, 768, *aff'd* 587 N.E.2d 1311 (1992). The word "regular" is defined as "steady or uniform in course, practice, or occurrence." *Webster's Third New International Dictionary* 1913 (1981). Heuring's vehicles are consistently and uniformly used in Lake County. The five day presence of the vehicles in Porter County does not constitute "regular use" of the vehicles in Porter County.

Likewise, "permanent" is defined as "continuing or enduring (as in the same state, status, place) without fundamental or marked change." *Id.* at 1683. The vehicles certainly are not "permanently located" in Porter County in that they were moved to Porter County for the purpose of a special sale, with the intention that all unsold vehicles would be returned to Lake County following the conclusion of the sale. This is the antithesis of permanence. Heuring could not both intend to return the vehicles to Lake County and to keep them permanently in Porter County.

Within the plain meaning of the statutory terms, the vehicles are not regularly used or permanently located in Porter County, and therefore are ineligible to be assessed in Porter County. By erroneously filing in Porter County, Heuring underval-

ued its inventory in Lake County by more than five percent (5%), and it is therefore subject to the IC 6–1.1–37–7 penalty.

## CONCLUSION

The State Board's determination is within its statutory authority, is supported by substantial evidence and is neither arbitrary nor capricious. For all the foregoing reasons, and in the absence of interpretive differences, this court AFFIRMS the State Board's final determination.