**PPG INDUSTRIES, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS,**
**Respondent.**

**No. 49T10–9611–TA–00150.**

Tax Court of Indiana.

March 4, 1999.

Barton T. Sprunger, Mark J. Richards, Ice Miller Donadio & Ryan, Indianapolis, Indiana, Attorneys for Petitioner.

Jeffrey A. Modisett, Attorney General of Indiana, Indianapolis, Indiana, Attorney for Respondent.

FISHER, J.

PPG Industries, Inc. (PPG) appeals a final determination of the State Board of Tax Commissioners (State Board) denying PPG an interstate commerce exemption for personal property it owned on the March 1, 1994 and March 1, 1995 assessment dates and assessing PPG with a 20% undervaluation penalty for those tax years.

**FACTS AND PROCEDURAL HISTORY**

PPG is a non-resident corporation engaged in the manufacture, processing, and sale of glass products. PPG's principal offices in Indiana are located at its automotive glass processing plant in Scott Township, Evansville, Vanderburgh County, Indiana. At this plant, PPG performs the final processing of glass that PPG receives from a PPG plant located outside of Indiana. This processing involves receiving the glass in flat sheets and then cutting and processing the sheets of glass according to customer specifications. All processing at the plant is done pursuant to pre-existing purchase orders.

Upon the completion of the glass processing, the finished glass is either shipped directly to the customer or temporarily stored in an original package in warehouse facilities at the processing plant or in warehouse facilities located in Center Township, Evansville, Vanderburgh County, Indiana to await shipment. With the exception of a small amount of finished glass made for Subaru, all of the finished glass is made for out-of-state customers.

On March 1, 1994 and March 1, 1995, PPG had finished glass stored in its processing plant located in Scott Township and finished glass stored in the warehouse located in Center Township (Center Township warehouse). On each of the assessment dates, PPG timely reported the total cost of the finished glass on business personal property tax returns filed with the Scott Township Assessor. PPG attached a Form 103W to each return claiming an interstate commerce exemption [1] for 97.8% of the finished glass reported for March 1, 1994 and 98.2% of the finished glass reported for March 1, 1995.

During 1994 and 1995, the Scott Township Assessor reviewed PPG's property tax returns and determined that there were some deficiencies (not relevant to this original tax appeal) in PPG's personal property tax returns. Accordingly, the Scott Township Assessor issued a Form 113 [2] changing the as-

---

1.  Ind.Code Ann. § 6–1.1–10–29 (West Supp.1998). Section 6–1.1–10–29 exempts, inter alia, personal property owned by a manufacturer or processor that is stored in Indiana, remains in its original package, and is designated for shipment, without further processing, to an out-of-state destination.

See Colwell/General, Inc. v. State Bd. of Tax Comm'rs, 680 N.E.2d 892, 895–96 (Ind.Tax Ct.1997).

2.  See Ind. Admin. Code tit. 50, r. 4.2–2–9(d) (1996).

sessed value of PPG's personal property. PPG appealed the actions of the Scott Township Assessor to the Vanderburgh County Board of Review (BOR). After the BOR issued its decisions for each tax year, PPG petitioned the State Board for review of those decisions.

On May 24, 1996, the State Board held an administrative hearing concerning PPG's petitions. On September 27, 1996, the State Board issued its final determination.[3] In its final determination, the State Board sua sponte raised the issue of the proper place of assessment for the finished glass stored in the Center Township warehouse and concluded that the finished glass stored in the Center Township warehouse should have been reported to and assessed in Center Township. As a result, the State Board allowed the interstate commerce exemption for the finished glass stored at the glass processing plant, but disallowed the exemption for the finished glass stored at the warehouse located in Center Township. The disallowance was based on the State Board's conclusion that PPG should have reported the finished glass stored at the Center Township warehouse in Center Township rather than Scott Township. The State Board also assessed a 20% undervaluation penalty on the taxable value of that finished glass because it was not reported in Center Township. *See* IND.CODE ANN. § 6–1.1–37–7(e) (West Supp.1998). On November 4, 1996, PPG filed this original tax appeal. The parties have filed cross-motions for summary judgment.

## ANALYSIS AND OPINION

### Standard of Review

■ The State Board is afforded great deference when it acts within the scope of its authority. *See Paul Heuring Motors, Inc. v. State Bd. of Tax Comm'rs*, 620 N.E.2d 39, 40 (Ind.Tax Ct.1993). Accordingly, the Tax Court will only reverse a State Board final determination when it is unsupported by sub-

stantial evidence, constitutes an abuse of discretion, exceeds statutory authority, or is arbitrary or capricious. *See id.* Summary judgment is only appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See Hyatt Corp. v. Department of State Revenue*, 695 N.E.2d 1051, 1053 (Ind. Tax Ct.1998), *review denied.* Cross-motions for summary judgment do not alter this standard. *See id.*

### Discussion

PPG contends that the State Board erroneously disallowed the interstate commerce exemption for the finished glass stored in the Center Township warehouse and that the State Board erroneously assessed PPG with a 20% undervaluation penalty. The State Board based its disallowance of the interstate commerce exemption for the finished glass stored in the Center Township warehouse on its view that those products were to be assessed in Center Township. According to the State Board, PPG was therefore required to file a personal property tax return in Center Township and because PPG did not, PPG waived its right to the exemption. *See* IND.CODE ANN. § 6–1.1–11–1 (West 1989); *Dav–Con, Inc. v. State Bd. of Tax Comm'rs*, 644 N.E.2d 192, 198 (Ind.Tax Ct.1994). (The State Board does not dispute that the finished glass stored in the Center Township warehouse would otherwise qualify for the interstate commerce exemption.) In addition, the 20% undervaluation penalty was based on the fact that PPG did not file a personal property tax return in Center Township.[4] Therefore, the resolution of the issues PPG raises turns on whether PPG was required to file a personal property tax return in Center Township due to the presence of the finished glass in the Center Township warehouse on the assessment dates.

IND.CODE ANN. § 6–1.1–3–1(b)–(c) (West Supp.1998) governs the place where tangible

---

3. The State Board actually issued two final determinations, one for each tax year. However, due to the fact that the State Board adopted one set of findings, which covered both tax years, the Court will refer to one final determination.

4. *See Paul Heuring Motors, Inc.*, 620 N.E.2d at 41–42 (undervaluation penalty proper where taxpayer fails to report tangible personal property to taxing district, even though taxpayer reported same tangible personal property in another taxing district).

personal property owned by non-residents of Indiana is to be assessed:

(b) Except as provided in subsection (c) of this section, personal property which is owned by a person who is not a resident of this state shall be assessed where the owner's principal office within this state is located on the assessment date of the year for which the assessment is made.

(c) Personal property shall be assessed at the place where it is situated on the assessment date of the year for which the assessment is made if the property is:

(1) regularly used or permanently located; or

(2) owned by a non-resident who does not have a principal office within this state.

PPG is a non-resident corporation that has a principal office located within this state. Therefore, the tangible personal property it owns will be assessed where PPG's principal office within this state is located, unless that property is "regularly used or permanently located" elsewhere. Accordingly, the finished glass stored at the Center Township warehouse was to be assessed in Scott Township (PPG's principal office in Indiana), unless it was "regularly used or permanently located" in Center Township.

■■■■ It is undisputed that on the assessment dates, the finished glass was being *temporarily* stored in the Center Township warehouse pending shipment. Therefore, it is impossible to square the State Board's position with the plain language of section 6–1.1–3–1, which requires that the finished glass have more than an ephemeral presence in Center Township in order to make it taxable there. *See Paul Heuring Motors, Inc.,* 620 N.E.2d at 42–43. Because the finished glass was neither "regularly used" nor "permanently located" in Center Township, the finished glass was to be assessed at the place of PPG's principal office within this state, namely, Scott Township. Consequently, the State Board erred in determining that PPG should have reported the finished glass

in Center Township. As a result, the State Board's disallowance of the interstate commerce exemption for the finished glass stored in the Center Township warehouse was contrary to law, as was its assessment of the 20% undervaluation penalty.[5]

The State Board's arguments to the contrary do not alter this result. The State Board points to the fact that PPG regularly used the Center Township warehouse to store items awaiting shipment. Therefore, according to the State Board, the finished glass stored in the Center Township warehouse "fell within the purview of [s]ubsection [6–1.1–3–1](c)(1) ... [,] and PPG was required to report the property in Center Township." (State Bd. Br. in Supp. Summ. J. at 9). This argument cannot withstand serious analysis.

The problem with the State Board's argument is that it focuses on PPG's regular use of the Center Township warehouse, rather than whether the finished glass itself was regularly used or permanently located in Center Township. In addition, the Court notes that a similar argument was emphatically rejected in *Paul Heuring Motors, Inc.* In that case, the taxpayer, an automobile dealer, moved some of the vehicles it owned from Lake County to Porter County a few days before the March 1 assessment date in order to conduct a special sale. The taxpayer then returned the unsold vehicles to Lake County shortly after the assessment date. The taxpayer argued that because it intended to make regular use of the Porter County location, its reading of section 6–1.1–3–1 to make the vehicles moved to Porter County taxable in Porter County was reasonable. In rejecting this argument, this Court focused on whether the vehicles themselves were regularly used in Porter County, not whether the taxpayer made regular use of the place where the vehicles happened to be located on the assessment date. *See Paul Heuring Motors, Inc.,* 620 N.E.2d at 42–43.

The State Board next argues that the Legislature in enacting section 6–1.1–3–1 intend-

---

5. In view of the Court's disposition of PPG's claims, the Court finds it unnecessary to review PPG's contention that the State Board did not have the statutory authority to decide the town-

ship in which the finished glass was to be assessed. *See* IND.CODE ANN. § 6–1.1–3–4 (West 1989).

ed that tangible personal property be reported[6] where it is located. In support of this argument, the State Board contends that the taxing district in which property is located provides many benefits to the taxpayer and the property itself. Therefore, if property is not taxed where it is located, the taxpayer would be "sponging" off the community in which the property is located. *See State Bd. of Tax Comm'rs v. Jewell Grain Co.,* 556 N.E.2d 920, 924–25 (Ind.1990). This, in the opinion of the State Board, would be contrary to the purpose of the personal property tax laws, which is to have those enjoying the benefits conferred by a taxing district pay their fair share of the tax burden. *See id.* at 925. The State Board further contends that requiring taxpayers to report property where it is located will better allow assessors to ensure that tangible personal property will be reported because "the assessor in the place where the [property] is located stands the best chance of discovering [property that has] not been properly reported. In other words, [property] is most easily found where it is located." *Id.*

▮ These contentions are properly addressed to the Legislature, not this Court. By enacting section 6–1.1–3–1, the Legislature has determined where tangible personal property will be assessed. Had the Legislature desired to have tangible property as-

sessed where it happened to be located on the assessment date, the Legislature would have said so. Instead, the Legislature stated in unmistakable terms that, where the tangible personal property of a non-resident is involved, that tangible personal property is to be assessed at the non-resident's principal office within this state, unless 1) it was "regularly used or permanently located" elsewhere or 2) the non-resident has no principal office within this state. IND.CODE ANN. § 6–1.1–3–1. The Legislature is presumed to mean what it says. *See Hyatt Corp.,* 695 N.E.2d at 1053.

The State Board also contends that PPG failed in its reporting obligations by failing to disclose the actual location of the finished glass on the assessment date on its personal property tax returns.[7] As pointed out by PPG in its brief, the State Board's argument is premised on the finished glass stored in the Center Township warehouse being subject to assessment in Center Township. To the extent that the State Board's argument rests on that premise, it fails because, as explained above, the finished glass was not subject to assessment in Center Township.[8]

▮ Lastly, the State Board argues that if the Court rules in PPG's favor, there will be dire consequences for some Indiana townships. Of course, such an argument is proper. Where a literal reading of a statutory provision would create extreme hardship, the

---

**6.** Section 6–1.1–3–1 does not refer to where tangible personal property is to be reported, but rather where it is to be assessed. However, tangible personal property is reported where it is assessed. *See* IND.CODE ANN. § 6–1.1–3–7(a) (West Supp.1998); IND. ADMIN. CODE tit. 50, r. 4.2–2–1(a) (1996). Therefore, it is permissible to use the concepts interchangeably.

**7.** The State Board also contends that PPG failed to file a Form 105 Business Tangible Personal Property Summary of Returns. *See* IND. ADMIN. CODE tit. 50, r. 4.2–2–9(b) (1996). This contention is wholly unmeritorious. Taxpayers are required to file a Form 105 when they file personal property tax returns in more than one taxing district. *See id.* r. 4.2–2–6 (1996). Because PPG's storage of finished glass in Center Township did not trigger a duty to file a personal property tax return in another taxing district, PPG was not required to file a Form 105 for storing the finished glass in Center Township.

**8.** The State Board's argument could also be read to mean that it believes that PPG was required to disclose the actual location of the finished glass

stored in Center Township on the personal property tax returns filed with the Scott Township Assessor. *See* IND.CODE ANN. § 6–1.1–3–9(a) (West 1989). If that is the State Board's argument, the State Board's brief fails to explain why the failure of PPG to state the actual location of the finished glass stored in the Center Township warehouse on returns that were properly filed with the Scott Township Assessor (even if the law required PPG to do so) has any bearing on this case. Because this case involves the proper place of assessment of the finished glass stored in the Center Township warehouse and not its actual location, the relevance of the actual location of that finished glass is, to say the least, not self-evident. Accordingly, without an adequate explanation by the State Board of why PPG's failure to disclose the actual location of the finished glass on its property tax returns is relevant, the Court will not examine the issue. *See Bulkmatic Transp. Co. v. Department of State Revenue,* 691 N.E.2d 1371, 1375 (Ind.Tax Ct.1998).

Court must consider whether the Legislature, as a reasonable body, could have intended such a result. *See Guinn v. Light,* 558 N.E.2d 821, 823 (Ind.1990). The State Board points to the example of Wal–Mart, a non-resident company with many stores in Indiana, all of which are "chock full of merchandise awaiting sale."[9] (State Bd. Br. in Supp. Summ. J at 9). The State Board contends that "[i]f the Court rules that property awaiting sale or shipment is not regularly used in the township in which it is located, then townships will not receive tax moneys in exchange for the benefits [the townships] provide...." (State Bd. Br. in Supp. Summ. J at 9).

The State Board's brief does not accurately anticipate the narrowness of today's holding. First of all, the Court is not dealing with merchandise awaiting sale. All of the finished glass in this case was already sold as of the assessment date[10] and, perhaps more importantly, was already in transit on the assessment date. This makes the finished glass a far cry from merchandise placed on a retailer's shelf to await sale.[11] Therefore, the Court cannot adopt a rule in this case that merchandise awaiting sale does not fall under subsection 6–1.1–3–1(c)(1) because that issue is not before the Court. Consequently, the State Board's fear that, as a result of this decision, individual Wal–Mart stores will not pay personal property taxes where the individual stores are located is misplaced.

■ Second, the Court is also not adopting a per se rule that merchandise awaiting shipment can never fall under subsection 6–1.1–3–1(c)(1). The Court merely makes the unremarkable holding that where tangible personal property owned by a non-resident tax-

payer has a temporary location, it is not to be assessed there if the non-resident taxpayer has a principal office elsewhere in this state. The finished glass stored in the Center Township warehouse had only a temporary presence in Center Township. Therefore, it was not to be assessed there, but rather in Scott Township, the location of PPG's principal office within this state.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS PPG's motion for summary judgment and DENIES the State Board's cross-motion for summary judgment. This cause is remanded to the State Board with instructions to grant PPG's application for the interstate commerce exemption for the finished glass stored in the Center Township warehouse for the tax years at issue and with instructions to remove the 20% undervaluation penalty assessed by the State Board for those years as well.

---

**9.** The Court notes that Wal–Mart's residency status is not part of the administrative record and that the State Board has not requested that the Court take judicial notice of Wal–Mart's residency status. *See* IND. R. EVID. 201.

**10.** Of course, the fact that the finished glass had already been sold does not mean that it was not taxable to PPG. *See Gulf Stream Coach, Inc. v. State Bd. of Tax Comm'rs,* 519 N.E.2d 238, 241 (Ind.Tax Ct.1988) (fact that taxpayer had sold personal property and removed it from books did not preclude taxation of that property); *see also Dav–Con, Inc. v. State Bd. of Tax Comm'rs,* 702 N.E.2d 1137, 1140 (Ind.Tax Ct.1998) (possessor

of personal property liable for tax on that property), *petition for review filed* Feb. 22, 1999.

**11.** The Court is aware that, by its nature, inventory has a transient presence in a retailer's place of business or warehouse and that section 6–1.1–3–1 does not seem to have been drafted with the transient presence of inventory in mind. However, it is important to remember that in this case, the finished glass did not even have the semi-permanent location that most inventory would have. Accordingly, any reading of this opinion to suggest that it deals broadly with the tax situs of all inventory is flawed.