**KAGHANN'S KORNER, INC., Appellant,**

v.

**BROWN & SONS FUEL COMPANY, INC., Appellee.**

No. 17A03–9802–CV–79.

Court of Appeals of Indiana.

April 26, 1999.

John R. Burns III, Robert D. Moreland, Laura C. O'Donnell, Baker & Daniels, Fort Wayne, Indiana, Attorneys for Appellant.

to the constitutional issues here.

Cathleen M. Shrader, Thomas A. Herr, Barrett & McNagny, Fort Wayne, Indiana, Attorneys for Appellee.

## OPINION ON REHEARING

RILEY, Judge

Defendant–Appellant Kaghann's Korner, Inc. (Kaghann's Korner) has petitioned for rehearing of our decision in *Kaghann's Korner v. Brown & Sons Fuel Co.*, 706 N.E.2d 556 (Ind.Ct.App.1999). We grant Kaghann's Korner's petition for clarification on one issue, and in all other respects we affirm our earlier decision.

Kaghann's Korner requests that we clarify our earlier decision by remanding the case to the trial court with instructions to determine the reasonable attorney's fees owed to Kaghann's Korner under the Underground Storage Tank Act ("USTA"). In our decision, we reversed the Dekalb Circuit Court, finding that Brown & Sons Fuel Company (Brown) was an operator of the underground storage tank ("UST") located at Kaghann's Korner at the time of the fuel overfill. Therefore, we found that Brown was liable for the fuel release at the UST at Kaghann's Korner.

Kaghann's Korner requests that we now clarify our decision in order to instruct the trial court to determine reasonable attorney's fees owed to it by Brown pursuant to the USTA. Pursuant to the USTA, "A person who brings a successful action to receive a contribution from an owner or operator is also entitled to receive reasonable attorney's fees and court costs from the owner or operator." Ind.Code § 13–23–13–8(b)(2). Therefore, we grant Kaghann's Korner petition for clarification and modify our decision by remanding this case to the Dekalb Circuit Court to determine the sole issue of reasonable attorney's fees and court costs that Brown must pay to Kaghann's Korner for its liability under the USTA.

STATON, J., and BROOK, J., concur.