**WORD OF HIS GRACE FELLOWSHIP, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 82T10–9805–TA–00045.

Tax Court of Indiana.

April 30, 1999.

Robert R. Faulkner, Leslie C. Shively, Fine & Hatfield, Evansville, Indiana, Attorneys for Petitioner.

Jeffrey A. Modisett, Attorney General of Indiana, Jeffrey S. McQuary, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Respondent.

FISHER, J.

Word of His Grace Fellowship (Word) appeals a final determination of the State Board of Tax Commissioners (State Board) denying a property tax exemption for land

and improvements located in Vanderburgh County for the 1996 tax year.

## FACTS AND PROCEDURAL HISTORY

The facts of this case are undisputed. Word is a not-for-profit corporation established exclusively for religious, charitable, educational and ecclesiastical purposes. On November 18, 1994, Word entered into a land sale contract with Blankenberger Bros., Inc. (Blankenberger) in order to purchase the property at issue. Under the contract, Blankenberger held legal title to the property to secure payment of the purchase price from Word. Word, the equitable owner (due to its status as the vendee in the land sale contract) and possessor of the property at issue, used the property as a church during the tax year at issue.

On May 15, 1996, Word filed an application for a property tax exemption with the Vanderburgh County Board of Review (BOR). The BOR denied the exemption on August 20, 1996. Word then filed a petition with the State Board on September 19, 1996 seeking review of the BOR's decision. On July 1, 1997, the State Board held a hearing on Word's petition, and on March 24, 1998, the State Board issued its final determination denying Word's exemption application. This original tax appeal ensued, and the parties have filed cross-motions for summary judgment. Additional facts will be added as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ The State Board is accorded great deference when it acts within the scope of its authority. Accordingly, the Court reverses final determinations of the State Board only when those determinations are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *See Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998). Summary judg-

ment is only appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* IND. T.R. 56(C); *Hyatt Corp. v. Department of State Revenue*, 695 N.E.2d 1051, 1053 (Ind. Tax Ct.1998), *review denied.* Cross-motions for summary judgment do not alter this standard. *See Hyatt Corp.*, 695 N.E.2d at 1053.

### Discussion

■ In its final determination, the State Board concluded that the property at issue did not meet the requirements of IND.CODE ANN. § 6–1.1–10–16(a), (c) (West Supp.1998). The State Board reached this conclusion because Word was not the legal title holder of the property and, as a result, the property was not owned, occupied, and used by the same entity for religious purposes. *See Community Christian Church, Inc. v. State Bd. of Tax Comm'rs*, 523 N.E.2d 462, 465 (Ind. Tax Ct.1988) (denying church's application for a property tax exemption where church was not legal title holder of property that it occupied and used for religious purposes). However, as the State Board acknowledges, this Court's decision in *Sangralea Boys Fund, Inc. v. State Board of Tax Commissioners*, 686 N.E.2d 954 (Ind. Tax Ct.1997), *review denied* requires a different result. Under *Sangralea Boys Fund*, there is no requirement that the same entity own, occupy, and use the property for religious or charitable purposes. Rather, it is sufficient that the property is owned, occupied, and used for religious or charitable purposes. *See id.* at 959. In this case, as the State Board concedes, the subject property was in fact owned, occupied, and used for religious purposes, and, therefore, under subsections 6–1.1–10–16(a) and (c), the property was exempt from property taxation.[1] (Oral Arg. Tr. at 11).

Notwithstanding this concession, however, the State Board contends its final determination should be affirmed because Word was

1. At oral argument, counsel for the State Board stated that the *Sangralea Boys Fund* case had not yet been decided by the time the "hearing officer issued her final assessment and determination." (Oral Arg. Tr. at 11). However, the Court notes that the State Board issued its final determination on March 24, 1998, five months after *Sangralea Boys Fund* was decided by this Court and three weeks after the Indiana Supreme Court denied review of that case.

not the proper party to apply for the property tax exemption. According to the State Board, Blankenberger, as the legal title holder, should have applied for the exemption. As a result, in the State Board's view, Word has waived any entitlement to the exemption for the 1996 tax year. *See* IND.CODE ANN. § 6–1.1–11–1 (West 1989); *PPG Indus., Inc. v. State Bd. of Tax Comm'rs*, 706 N.E.2d 611, 613 (Ind. Tax Ct.1999); *Dav-Con, Inc. v. State Bd. of Tax Comm'rs*, 644 N.E.2d 192, 198 (Ind. Tax Ct.1994).

■ As the State Board correctly observes, the legal title holder was required to apply for the exemption in this case. Under IND.CODE ANN. § 6–1.1–11–3 (West 1989) (amended 1997), the owner of the property must apply for the property tax exemption. The owner of real property is defined (with some exceptions not applicable here) by IND. CODE ANN. § 6–1.1–1–9 (West 1989) as the holder of the legal title to that real property in fee. It is undisputed that Blankenberger was the legal title holder. Consequently, Blankenberger should have been the one to file for the exemption.[2]

2. Word cites *Skendzel v. Marshall*, 261 Ind. 226, 301 N.E.2d 641 (1973), *cert. denied*, 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476 (1974), in an attempt to circumvent this problem. In that case, the Indiana Supreme Court declared:

> The Court, in effect, views a conditional land contract as a sale with a security interest in the form of legal title reserved by the vendor. Conceptually, therefore, the retention of title by the vendor is the same as reserving a lien or mortgage. Realistically, vendor-vendee should be viewed as mortgagee-mortgagor. To conceive of the relationship in different terms is to pay homage to form over substance.

*Id.* at 646. It is true that in this case requiring Blankenberger to file the exemption application is exalting form over substance, especially in light of the fact that Word, as a possessor, can be responsible for the property taxes at issue. *See* IND.CODE ANN. § 6–1.1–2–4(b) (West 1989) (amended 1997); *see also Skendzel*, 301 N.E.2d at 646 (citing *Stark v. Kreyling*, 207 Ind. 128, 188 N.E. 680 (1934)) (vendee in land sale contract liable for property taxes). However, because the legislature has stated in unmistakable terms that only a legal title holder may be an "owner" for purposes of this case, the Court has no choice but to follow that legislative command. *See Consolidated Coal Co. v. Department of State Revenue*, 583 N.E.2d 1199, 1201 (Ind.1991) (where legislature defines a term, that definition is binding upon the courts); *compare Kaghann's Korner v.*

■ However, the State Board did not base its denial of the exemption in this case on the fact that Word was not the proper party to apply for the exemption.[3] Rather, the State Board is attempting to raise this issue for the first time in this original tax appeal. It is well-settled that the State Board, in general, may not support a final determination by referring to reasons that were not previously ruled upon, but that are offered as post hoc rationalizations. *See 20th Century Fiberglass v. State Bd. of Tax Comm'rs*, 683 N.E.2d 1376, 1377 (Ind. Tax Ct.1997); *see also Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50, 103 S.Ct. 2856, 2870, 77 L.Ed.2d 443 (1983) (agency decision will only be upheld, if at all, on the basis of reasons articulated by agency decisionmaker).

This rule emanates from the limited nature of the scope of judicial review of administrative agency decisions in general and the limited nature of this Court's review of State Board final determinations in particular. *See* IND.CODE ANN. § 33–3–5–14 (West 1996); *State Bd. of Tax Comm'rs v. Gatling Gun*

*Brown & Sons Fuel Co.*, 706 N.E.2d 556, 560–61 (Ind.Ct.App.) (evaluating another statutory definition of "owner"), *modified*, 711 N.E.2d 1286 (Ind.Ct.App.1999). Although the general rule in this state is that the substance not the form of a transaction governs its taxability, *see Maurer v. Department of State Revenue*, 607 N.E.2d 985, 987 (Ind. Tax Ct.1993), when the legislature chooses to exalt form over substance in a particular case, that is its prerogative, and if, from a public policy perspective, such a choice is unwise, relief may be sought with the Indiana General Assembly, not the courts.

3. At oral argument, counsel for the State Board stated that the State Board did refer to the fact that Word was not the holder of legal title to the subject property. This, according to counsel, meant that the State Board did in fact rule on this issue. (Oral Arg. Tr. at 11–12). The Court must disagree. The State Board's final determination refers to the fact that Word was not the "owner" in order to resolve (albeit erroneously) the substantive question of whether the property qualified for the exemption. The State Board's final determination does not contain the finding that because Word was not the "owner" meant that it was not the proper party to apply for the exemption. Consequently, the Court must find that this issue was not ruled upon by the State Board.

*Club, Inc.,* 420 N.E.2d 1324, 1328–29 (Ind.Ct. App.1981); *see also Kosciusko County Rural Elec. Membership Corp. v. Public Serv. Comm'n,* 225 Ind. 666, 77 N.E.2d 572, 575–76 (1948) (court cannot uphold agency decision on basis for which there were no findings made). In addition, the Court notes that this rule fosters the issuance of well-considered and thorough decisions by administrative agencies and is in keeping with the expertise presumed to be possessed by those agencies. Furthermore, if administrative agencies could issue decisions confident in their ability to offer post hoc rationalizations, the quality of the decisionmaking would likely suffer, thus placing a more difficult burden on courts exercising judicial review. Lastly, this rule can prevent parties from suffering unnecessary legal expense and at the same time promote judicial economy. If an administrative agency is permitted to save a winning legal argument in support of its decision until judicial review of its decision rather than articulating that argument contemporaneously with its decision, then parties may embark on lawsuits that would not have been undertaken had the administrative agency articulated that argument in the first place. In an era where judicial resources are scarce, any rule that promotes fewer lawsuits is particularly compelling.

■ The State Board's attempt to support its final determination by referring to the fact that Word was not the proper party to apply for the exemption must fail. It is a post hoc rationalization for the State Board's decision to deny the exemption in this case and as such will not be considered by the

Court. Moreover, the State Board has offered no reasons why an exception to the rule, *see Scheid v. State Bd. of Tax Comm'rs,* 560 N.E.2d 1283, 1285 (Ind. Tax Ct.1990) (discussing exceptions to the general rule), should apply to this case. Consequently, any arguments along those lines are waived.

As a result, the fact that Word was not the proper party to apply for the exemption is irrelevant in this case. Accordingly, Word's entitlement to the exemption for the 1996 tax year is based solely on the substantive question of whether the subject property was owned, occupied, and used for religious purposes during the tax year at issue. The State Board concedes that the subject property was owned, occupied, and used for religious purposes, and was therefore exempt. (Oral Arg. Tr. at 11). Consequently, the Court finds that Word has demonstrated its entitlement to the exemption.[4]

## CONCLUSION

For the aforementioned reasons, the Court REVERSES the State Board's final determination and REMANDS this case to the State Board with instructions to grant Word's application for a property tax exemption for the 1996 tax year.

---

4. In light of the Court's disposition of this case, the Court finds it unnecessary to review Word's     remaining contentions.