W.H. PAIGE & CO., Petitioner,

v.

STATE BOARD OF TAX
COMMISSIONERS,
Respondent.

No. 49T10–9611–TA–157.

Tax Court of Indiana.

July 19, 2000.

See also 711 N.E.2d 552.

B. Keith Shake, Kerry L. Wagner, Henderson Daily Withrow & DeVoe, Indianapolis, Indiana, Attorneys for Petitioners.

Karen M. Freeman–Wilson, Attorney General of Indiana, Vincent S. Mirkov, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Respondent.

FISHER, J.

W.H. Paige & Co. (Paige) challenges the final determination of the State Board of Tax Commissioners (State Board) assessing Paige a 20% undervaluation penalty pursuant to IND. CODE ANN. § 6–1.1–37–7(e) (West 2000) for failing to file the required personal property tax returns on musical instruments that Paige leases to its customers. The sole issue for the Court's consideration is whether "interpretive differences" existed between Paige and the State Board regarding the applicability of personal property tax that precludes the imposition of the undervaluation penalty. For the reasons stated below, the Court finds for the State Board.

### FACTS AND PROCEDURAL HISTORY

The Court has previously reviewed the undisputed facts of this case, which are set forth in *W.H. Paige & Co. v. State Board of Tax Commissioners*, 711 N.E.2d 552, 553–54 (Ind. Tax Ct.1999) (*Paige I* ), review denied. To avoid redundancy, the Court will only discuss factual and procedural history pertinent to the penalty issue. Paige is engaged in the business of selling and leasing musical instruments.

On September 27, 1996, the State Board issued its final order assessing a business personal property tax for the assessment date of March 1, 1995, against Paige on the musical instruments that it leases to its customers. In *Paige I*, the Court found that the lease agreements, which Paige enters into under its monthly rent-to-own program, did not grant Paige a security interest in the musical instruments. *See id.* at 558. Thus, the Court determined that Paige remained owner of the instruments for purposes of imposing the personal property tax. *See id.* at 560. Of significance was the fact that Paige's leases were terminable at will by the lessee.[1] *See id.* at 558. Accordingly, the Court held that Paige was liable for the property tax on the musical instruments. *See id.* at 561.

At issue in the present litigation is whether the State Board's assessment of the undervaluation penalty pursuant to section 6–1.1–37–7(e) should be imposed.[2] Deeming the State Board's assessment of the penalty erroneous, Paige filed a motion for summary judgment on February 8, 2000. The State Board filed its response to Paige's motion, together with its own cross motion for summary judgment, on April 28, 2000. The Court heard oral arguments on May 15, 2000. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ The State Board is given great deference when it acts within the scope of its authority. *See Wetzel Enters. Inc. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1259, 1261 (Ind. Tax Ct.1998). Accordingly, this Court reverses State Board final determi-

nations only when those determinations are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *See id.* The taxpayer bears the burden of demonstrating the invalidity of the State Board's final determination. *See Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998).

Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See* IND. T.R. 56(C); *See also Dana Corp. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1244, 1246 (Ind. Tax Ct.1998). Cross motions for summary judgment do not alter this standard. *See Hyatt Corp. v. Department of State Revenue*, 695 N.E.2d 1051, 1053 (Ind. Tax Ct.1998) *review denied.*

### Discussion

Paige contends that it should not be penalized for undervaluing its property because interpretive differences existed as to whether Paige was the owner of the musical instruments for the purposes of personal property tax. Conversely, the State Board argues that the imposition of the penalty is mandatory and cannot be waived.

■ The Indiana personal property tax system is a self-assessment system. *See Paul Heuring Motors, Inc. v. State Bd. of Tax Comm'rs*, 620 N.E.2d 39, 41 (Ind. Tax Ct.1993). It is therefore heavily reliant on full disclosure and accurate reporting. *See id.* IND. CODE ANN. § 6–1.1–3–9 (West 2000) requires in part:

(a) In completing a personal property tax return for a year, a taxpayer shall make a complete disclosure of all information, required by the state

---

1. In *Paige I*, the Court reasoned that the legislative amendment in 1991 to IND. CODE ANN. § 26–1–1–201(37) (West 1995) stressed the relevance of the terminability of a lease when determining whether it is a lease or a security interest. 711 N.E.2d at 558. (citing Act of May 5, 1991, No. 189, § 2, 1991 Ind. Acts 2800, 2804–05).

2. This Court did not address the penalty issue in *Paige I* because the State Board did not brief the issue in its motion for summary judgment. Therefore, this Court treated the State Board's motion as a motion for partial summary judgment. *See Paige I*, 711 N.E.2d at 554 n. 2.

board of tax commissioners, that is related to the value, nature, or location of personal property:

(1) which he owned on the assessment date of that year; or

(2) which he held, possessed, or controlled on the assessment date of that year.

Likewise, the term "owner" has been defined by the Legislature for purposes of property taxation.[3] Under section 6–1.1–1–9(b) (West 2000), the general rule is that the owner of tangible personal property is the holder of legal title to the property.

IND. CODE ANN. § 6–1.1–37–7(e) deals with the assessment of a twenty percent (20%) undervaluation penalty. It provides in relevant part as follows:

If the total assessed value that a person reports on a personal property return is less than the total assessed value that the person is required by law to report and if the amount of the undervaluation exceeds five percent (5%) of the value that should have been reported on the return, then the county auditor *shall* add a penalty of twenty percent (20%) of the additional taxes finally determined to be due as a result of the undervaluation.... If a person has complied with all of the requirements for claiming a deduction, an exemption, or an adjustment for abnormal obsolescence, then the increase in assessed value that results from a denial of the deduction, exemption, or adjustment for

abnormal obsolescence is not considered to result from an undervaluation....

(emphasis added). The purpose of the undervaluation penalty is stated in IND. ADMIN. CODE tit. 50, r. 4.2–2–10(d) (1996):

The purpose of the twenty percent (20%) penalty is to ensure a complete disclosure of all information required by the state board on the prescribed self-assessment personal property form(s). This enables the township assessor, county board of review, and state board to carry out [its] statutory duties of examining returns each year to determine if they substantially comply with the rules of the state board. This examination cannot take place if all required information is not shown on the self-assessment return form.

It is not the purpose of this provision to impose a penalty on a person who has made a complete disclosure of information required on the assessment return form....

An exception to the mandatory penalty exists *only* if the taxpayer has complied with all of the requirements for claiming a deduction, an exemption or an adjustment for abnormal obsolescence or permanently retired equipment.[4] *See id.* *See also* IND. ANN. CODE § 6–1.1–37–7(e). If such deduction, exemption, or adjustment is denied, the "increase in assessed value that results from [the] denial of the deduction, exemption[5] or adjustment[6]" is

---

3. The issue in *Paige I* was whether Paige was the owner of the musical instruments under section 6–1.1–1–9. This matter has already been decided by this Court and will not be revisited here. *See Paige I*, 711 N.E.2d at 560.

4. IND. ADMIN. CODE tit. 50, r. 4.2–2–10 expressly sets out the basic types of exemptions and allowable adjustments that are available to a taxpayer and which are permitted to be claimed on the annual business personal property return. None of these exemptions or adjustments is involved here.

5. Concerning exemptions, IND. ADMIN. CODE tit. 50, r. 4.2–2–10(d)(1) states, "It should be noted that when the reporting requirements

have been met, but for some reason the exemption is not allowed, the amount disallowed is an interpretive difference and is not subject to the omitted or undervalued personal property tax penalty."

6. As regards mandatory adjustments, which consists of mandatory adjustments for depreciable assets and mandatory adjustments for inventory, IND. ADMIN. CODE tit. 50, r. 4.2–2–10(d)(3) further explains:

With the exception of the valuation of permanently retired equipment and abnormal obsolescence, mandatory adjustments for depreciable assets and inventory are not interpretive differences.... Any resulting differences in assessment between the

not considered to be an undervaluation. *See id. See also* IND. ADMIN. CODE tit. 50, r. 4.2–2–10(d). Rather, it is considered to be an "interpretive difference" not subject to the penalty. *See* IND. ADMIN. CODE tit. 50, r. 4.2–2–10(d). However, all other amounts "not fully disclosed through omission or undervaluation . . . are subject to the twenty percent (20%) penalty." *See id.* To be clear, the term "interpretive difference," as defined in the regulations, does not mean *any* disagreement or misunderstanding between the taxpayer and the State Board. Instead, the regulations have limited the situations in which the term "interpretive difference" applies. *See id.*

Some of the Court's prior cases have dealt with the exceptions to the undervaluation penalty. In *Rogers v. State Board of Tax Commissioners*, 565 N.E.2d 398, 400 (Ind. Tax Ct.1991), the taxpayer argued that he qualified for a personal property tax adjustment for formal wear that he maintained was "permanently retired" pursuant to IND. ADMIN. CODE tit. 50, r. 4.1–2–4 (1988) (repealed 1989.)[7] The State Board denied the adjustment and imposed an undervaluation penalty. *See Rogers*, 565 N.E.2d at 399. This Court held that the State Board improperly imposed the penalty on the taxpayer's taxes because the taxpayer's undervaluation resulted from interpretive differences concerning a personal property tax adjustment. *See id.* at 403. Moreover, the Court stated that the "increase in assessed value resulting from the State Board's denial of the adjustment is not subject to penalty." *Id.*

Similarly, in *Monarch Steel v. State Board of Tax Commissioners*, 611 N.E.2d 708, 710 (Ind. Tax Ct.1993), the taxpayer appealed the State Board's final determination that the interstate commerce exemption was unavailable for steel cut by the taxpayer prior to shipment. The State Board penalized the taxpayer for failing to include its "allocable expenses" as required by IND. ADMIN. CODE tit. 50, r. 4.2–5–5(c)(1996) in the valuation of its inventory. *See Monarch Steel*, 611 N.E.2d at 715. This Court held that the nature and length of litigation over the applicability of the interstate commerce exemption for business personal property assessments established interpretive differences that precluded imposition of the penalty against the taxpayer for undervaluation of its inventory.[8] *See id.*

Unlike the taxpayers in *Rogers* and *Monarch*, Paige did not claim a qualified deduction, exemption, or adjustment for abnormal obsolescence or permanently retired equipment on the return form as required by IND. CODE § 6–1.1–37–7(e) and IND. ADMIN. CODE tit. 50, r. 4.2–2–10(c). Rather, Paige erroneously understood its own agreements to be sales with security interests instead of leases. Consequently, Paige omitted the musical instruments that it leases from its personal property tax return resulting in an undervaluation that exceeded five percent of the value that should have been reported on the return. This does not fall within one of the exceptions to the mandatory undervaluation penalty and is not considered to be an interpretive difference. *See id. See also* IND. ADMIN. CODE tit. 50, r. 4.2–2–10. Therefore, section 6–1.1–37–7(e) is trig-

---

amount reported by the taxpayer and the amount of assessment determined by the assessing official after making all mandatory adjustments is subject to the twenty percent (20%) penalty. . . .

7. IND. ADMIN. CODE tit. 50, r. 4.1–2–4(c) defined permanently retired property as "depreciable personal property that . . . has been removed from services other than manufacturing on the assessment date, and is awaiting disposition, and must be scheduled to be

scrapped, removed or dispose [sic] of and will be considered to be permanently retired providing the taxpayer actually scraps or sells such property."

8. The interstate commerce exemption is one of the basic types of exemptions that qualify for an exception to the undervaluation penalty of IND. CODE § 6–1.1–37–7(e). *See* IND. ADMIN. CODE tit. 50, r. 4.2–2–10(d)(1).

gered and a 20% undervaluation penalty must be applied.

This Court has held that where a statute is clear and offers no opportunity for discretion in applying a penalty and where the facts meet the requirements of the statute, the penalty cannot be waived. *See American Juice Co. v. State Bd. of Tax Comm'rs*, 527 N.E.2d 1169, 1171 (Ind. Tax Ct.1988) (citing *Gulf Stream Coach, Inc. v. State Bd. of Tax Comm'rs*, 519 N.E.2d 238, 243 (Ind. Tax Ct.1988)). Because Paige reported less than the total assessed value it was required by law to report and because the amount of the undervaluation exceeds five percent (5%) of the value that should have been reported, the penalty must stand.

## CONCLUSION

Based on the foregoing, this Court finds that the material facts in this case are undisputed and that, as a matter of law, Paige is liable for the 20% undervaluation penalty assessed by the State Board. Therefore, the Court DENIES Paige's motion for summary judgment. Moreover, the Court now GRANTS the State Board's cross motion for summary judgment pursuant to IND. T.R. 56(C).