**Roderick E. KELLAM, Petitioner,**

v.

**FOUNTAIN COUNTY ASSESSOR,
Respondent.**

No. 49T10–1211–TA–78.

Tax Court of Indiana.

Dec. 10, 2013.

Roderick E. Kellam, Covington, IN, Petitioner Appearing Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Michele C. Roberts, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

WENTWORTH, J.

Roderick E. Kellam appeals the Indiana Board's final determination denying a homestead standard deduction on his

Fountain County property for the 2010 tax year. The Court reverses.

## FACTS AND PROCEDURAL HISTORY

In July 2009, Kellam and Carol Myers bought a house in Fountain County. On July 16, 2009, Kellam and Myers visited the Fountain County Auditor's office to apply for homestead and mortgage deductions for the property. Kellam and Myers, who are not a married couple, were instructed by an employee at the Auditor's office to "[p]rint your names, your address, and sign" the application for the homestead deduction. (Cert. Admin. R. at 98, 116–17.) The Auditor's employee further explained that the employees at the Auditor's office "would fill everything else out." (Cert. Admin. R. at 115–16.) Accordingly, neither Kellam nor Myers completed the portion of the homestead deduction application entitled "Property Owned by Claimant in Other Counties." (*See* Cert. Admin. R. at 46 (Form HC10).)

In contrast to the instructions given to Kellam and Myers for completing the homestead deduction application, the Auditor's employee instructed them to complete the entire mortgage deduction application. Accordingly, Kellam and Myers listed the other properties they owned in Indiana (Wells County and Grant County respectively) on the mortgage deduction application.

Kellam received a homestead deduction on the Fountain County property in 2009. The March 2011 Fountain County property tax statement included the homestead deduction for the 2010 tax year just as the previous year's property tax statement had for 2009. On March 16, 2011, however, the Fountain County Treasurer sent a letter to Kellam and Myers stating that the "Assessor has requested a C of E to correct your parcel." (Cert. Admin. R. at 43.) The Treasurer's letter further stated that "a new tax statement [is enclosed] for the above mentioned parcel." (Cert. Admin. R. at 43.) The new property tax statement did not include the homestead deduction.

On April 25, Kellam visited the Treasurer's office to find out that the term "C of E" that was used in the Treasurer's letter meant "Correction of Error." (Cert. Admin. R. at 92.) Kellam then visited the Assessor's office to find out the reason for the change. The Assessor explained that the homestead deduction was removed because no one lived there, as shown by the lack of utility usage. Kellam responded that the house was being totally renovated, and while doing the work, he was staying next door with Myers' parents. Moreover, the Assessor said that Kellam had another problem because he still had a homestead deduction on his Wells County property for 2010. The Assessor told Kellam that if he had the Wells County homestead deduction removed, however, she would reinstate the homestead deduction on his Fountain County property.

On May 9, 2011, Kellam faxed the Fountain County Assessor a "corrected" Wells County property tax statement indicating that he had successfully removed the Wells County homestead deduction. That day, the Fountain County Auditor informed Kellam that she was denying the homestead deduction anyway because Myers already had a homestead deduction on her Grant County residence and had signed the Fountain County application.

On May 19, 2011, Kellam filed a Petition for Correction of an Error (Form 133). The Fountain County Property Tax Assessment Board of Appeals denied Kellam's petition on June 6, 2011. Kellam then appealed to the Indiana Board, which conducted a hearing on August 14, 2012,

and issued a final determination denying the deduction on October 9, 2012.

On November 16, 2012, Kellam filed this original tax appeal. The Court heard the parties' arguments on July 25, 2013. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The party seeking to overturn a final determination of the Indiana Board must demonstrate that the determination is invalid. *Hubler Realty Co. v. Hendricks Cnty. Assessor*, 938 N.E.2d 311, 313 (Ind. Tax Ct.2010). The Tax Court may reverse the Indiana Board's final determination if it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial or reliable evidence. *See* IND.CODE § 33–26–6–6(e)(1), (5) (2013). On review, the Court will neither reweigh the evidence nor judge the credibility of witnesses, but the Court will review any questions of law arising from the Indiana Board's factual findings *de novo*. *See Grant Cnty. Assessor v. Kerasotes Showplace Theatres, LLC*, 955 N.E.2d 876, 880 (Ind. Tax Ct.2011).

## LAW

"Each year a homestead is eligible for a standard deduction from the assessed value of the homestead for an assessment date." IND.CODE § 6–1.1–12–37(b) (2009) (amended 2013). For purposes of this deduction, a "homestead" is defined, in relevant part, as "an individual's *principal place of residence*: (A) that is located in Indiana; [and] (B) that: (i) the individual owns." I.C. § 6–1.1–12–37(a)(2)(A), (B)(i) (emphasis added). Although INDIANA CODE § 6–1.1–12–37 does not define the term "principal place of residence," the term is defined by regulation as "an individual's

true, fixed, permanent home to which the individual has the *intention* of returning after an absence." *See* 50 IND. ADMIN. CODE 24–2–5 (2009) (*see* http://www.in.gov/legislative/iac/) (emphasis added); I.C. § 6–1.1–12–37.

To obtain a homestead deduction, an individual must file a certified application with the auditor of the county in which the homestead is located. *See* I.C. § 6–1.1–12–37(e). Among other things, the application must include:

(1) the parcel number or key number of the property and the name of the city, town, or township in which the property is located;

(2) the name of any other location in which *the applicant or the applicant's spouse owns*, is buying, or has a beneficial interest in residential real property;

(3) the names of:

(A) *the applicant and the applicant's spouse* (if any).

I.C. § 6–1.1–12–37(e)(1)–(3)(A) (emphases added).

## ANALYSIS

The Indiana Board's final determination stated the following rationale for denying Kellam a homestead deduction on his Fountain County property:

The most important reason the deduction should have been denied is that [Kellam] and co-owner Myers both had homesteads in other Indiana counties when the application was filed.[1] Therefore, neither one was eligible for the homestead standard deduction on the subject property. Contrary to what the [Assessor] said during the hearing, an individual may have only one homestead

---

1. This sentence appears to apply to 2009, the year the application was filed, but 2009 is not the year at issue.

standard deduction per year.[2] The subject property needed to be [Kellam's] principal residence, as a person cannot have more than one principle [sic] residence.

(Cert. Admin. R. at 25 ¶ 32 (footnote added).) On appeal, Kellam raises several issues that the Court restates as whether the Indiana Board's final determination is unsupported by substantial or reliable evidence or is contrary to law.

Only an individual or married couple can obtain a homestead deduction on the individual's or married couple's property. *See* I.C. § 6–1.1–12–37(e). · *But see* I.C. § 6–1.1–12–37(a)(2)(B)(iii)–(iv), (e)(3)(B), (k) (permitting certain entities to claim the deduction on an individual's or married couple's homestead under certain circumstances). Moreover, an individual or married couple can generally have a homestead deduction on just one property—a "principal place of residence." *See* I.C. § 6–1.1–12–37(a)(2); I.C. § 6–1.1–12–37(h)(1)–(2) (denying the homestead deduction to individuals or married couples who claim the deduction on more than one property in a given year, with the exception discussed *supra* note 2.)

■ Kellam and Myers both signed the 2009 homestead deduction application for the Fountain County property they co-owned. Nonetheless, they were ineligible to claim a homestead deduction together because they were not a married couple. *See* I.C. 6–1.1–12–37(e).[3] The Indiana Board concluded, however, that neither Kellam nor Myers was individually eligible for a homestead deduction on the Fountain County property because "both had homesteads in other Indiana counties." (Cert. Admin. R. at 25 ¶ 32.)

Myers had a homestead deduction on a property in Grant County in 2010. (Cert. Admin. R. at 93, 128.) Accordingly, she could not claim a second homestead deduction on the Fountain County property in 2010. *See* I.C. § 6–1.1–12–37(a)(2), (h)(1)-(2).

■ Kellam would also be ineligible for a homestead deduction on · the Fountain County property in 2010 if he continued to receive a homestead deduction on his Wells County property in 2010. In April 2011, the Assessor's records showed that Kellam still had a homestead deduction on his Wells County property in 2010. (*See* Cert. Admin. R. at 3, 93, 105.) Nonetheless, Kellam submitted further evidence

**2.** This misstates the law because an individual who receives a homestead deduction on a property on March 1st of a year may also qualify for a homestead deduction on another property that same year if the sole reason for the second application is that the individual's principal residence moved to the second property after March 1st that year. *See* Ind. Code § 6–1.1–12–37(h) (2009) (eff. July 1, 2009) (amended 2011). Thus, it is possible that a claimant may have two homestead deductions in the year he applies for the homestead deduction on a new property, as Kellam did in 2009.

**3.** On appeal, the Assessor claimed that Myers' Grant County homestead deduction disqualified Kellam from obtaining the Fountain County homestead deduction because he and

Myers "maintained" a principal place of residence together. (*See* Resp't Resp. Br. at 7–8 (*citing* I.C. § 6–1.1–12–37(f)(2)(B) (stating that "an individual who is receiving the deduction provided by this section ... is no longer eligible ... [if] the individual maintains the individual's principal place of residence with another individual who receives a deduction under this section")).) Nonetheless, the Assessor did not raise this issue before the Indiana Board, and the Indiana Board did not consider the issue in its final determination. Consequently, the issue is waived. *See Word of His Grace·Fellowship, Inc. v. State Bd. of Tax Comm'rs*, 711 N.E.2d 875, 878–79 (Ind. Tax Ct.1999) (finding that an issue not raised by a party at the administrative level was waived).

indicating that the Wells County Auditor subsequently removed the 2010 homestead deduction, that Kellam paid the additional tax owed as a result of its removal, and that Kellam notified the Fountain County Assessor of these events. (*See* Cert. Admin. R. at 63–64, 71–72, 138–143.)

To demonstrate that he did not receive a homestead deduction for his Wells County property in 2010, Kellam presented a document he received from the Fountain County Assessor containing information about the Wells County property. (Cert. Admin. R. at 71–72, 138–40.) Kellam pointed out that, although the document indicated that he received a $29,760 homestead deduction in 2010, it also showed that he paid $477.08 in property taxes: the total amount of property tax due if the $29,760 homestead deduction was not applied. (*See* Cert. Admin. R. at 64, 72, 141–43.) Kellam testified that this document, together with his other evidence, established that he had paid taxes on his Wells County property in an amount inconsistent with receiving the benefit of the homestead deduction in 2010. (*See* Cert. Admin. R. at 140–43.) The Assessor agreed and presented no contradictory evidence. (*See* Cert. Admin. R. at 78–85, 100–14, 118, 123–25, 127–31, 133–38, 141–144, 146–147, 156, 158–72, 176–77.) Therefore, a finding that Kellam did not qualify for a homestead deduction on the 2010 Fountain County property because he had a 2010 homestead deduction on a Wells County property is unsupported by substantial or reliable evidence. *See Meijer Stores Ltd. P'ship v. Smith,* 926 N.E.2d 1134, 1139 (Ind. Tax Ct.2010) (reversing the Indiana Board's determination in favor of an assessor as not based on substantial evidence because the assessor "presented no evidence against which to weigh or discount" the taxpayer's evidence).

The Indiana Board also appears to have concluded that the Fountain County property was not Kellam's "principal place of residence" because Kellam was not physically residing there. (*See* Cert. Admin. R. at 21 ¶ 21, 25 ¶ 32.) The legal standard for determining an individual's principal place of residence, however, depends on the "intention" to return to the property after an absence, not continuous physical presence at the property. *See* 50 I.A.C. 24–2–5. In addition to explaining that he was not physically residing at the property because he was renovating it, Kellam testified that he alone intended to seek the homestead deduction for the Fountain County property. (*See* Cert. Admin. R. at 91–92, 97–98, 120.) Moreover, as further evidence of his intent, the certified administrative record reveals that he used the Fountain County property as his mailing address; as the location of his voter registration; and as the address on his driver's license, bank statements, and tax returns. (*See* Cert. Admin. R. at 173.) Accordingly, the Indiana Board's conclusion that the Fountain County property was not Kellam's principal place of residence is contrary to law.

## CONCLUSION

For the above-stated reasons, the Court finds that the Indiana Board's final determination denying Kellam a 2010 homestead standard deduction on his Fountain County property is unsupported by substantial or reliable evidence and is contrary to law. Consequently, the Indiana Board's final determination is RE-VERSED and REMANDED for action consistent with this decision.