PETITIONER APPEARING PRO SE:
**VANESSA A. PURDOM**
Vincennes, IN

ATTORNEYS FOR RESPONDENTS:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**ZACHARY D. PRICE**
**SARAH H. SHIELDS**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN



FILED

Feb 11 2020, 4:04 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| VANESSA A. PURDOM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 18T-TA-00032 |
| | ) |
| KNOX COUNTY ASSESSOR and | ) |
| KNOX COUNTY PROPERTY TAX | ) |
| ASSESSMENT BOARD OF APPEALS, and | ) |
| INDIANA BOARD OF TAX REVIEW, | ) |
| | ) |
| Respondents. | ) |

## ON APPEAL FROM A FINAL DETERMINATION OF
## THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**February 11, 2020**

WENTWORTH, J.

Vanessa A. Purdom challenges the final determination of the Indiana Board of Tax Review denying her claim that she was entitled to a credit that capped her 2013 property tax liability at 1% of her property's gross assessed value. Upon review, the Court REVERSES the Indiana Board's final determination.

**FACTS AND PROCEDURAL HISTORY**

On March 14, 2011, Purdom bought a single-family residence located in Vincennes, Indiana and has lived there with her husband since that date. (See Cert. Admin. R. at 15, 100.) The property received the homestead standard deduction in 2011-2012 and again in 2014, but it did not receive the standard deduction for the 2013 tax year. (See Cert. Admin. R. at 90 ¶ 8,126.)

**Homestead Standard Deduction Administrative Appeal**

On July 9, 2014, Purdom appealed to the Indiana Board, claiming the Assessor erred by not applying the standard deduction to her property for the 2013 tax year. (See Cert. Admin. R. at 30, 36, 99.) The Indiana Board noted that even though Purdom's property met the definition of a "homestead" to qualify for the standard deduction, it was ineligible because she had failed to prove that she had filed a certified statement as required by Indiana Code § 6-1.1-12-37(e), had otherwise properly applied for the deduction, or was exempt from the application requirement. (See, e.g., Cert. Admin. R. at 42 ¶ 36.) Accordingly, on September 2, 2015, the Indiana Board found Purdom's property was not entitled to the standard deduction for the 2013 tax year. (See, e.g., Cert. Admin. R. at 42 ¶ 36.) Purdom did not request a rehearing of the Indiana Board's decision or appeal it to this Court.

**Tax Cap Administrative Appeal**

On October 5, 2016, Purdom filed a Form 133, Petition for Correction of Error, with the Assessor for the same property and the same year that were at issue in the final determination above. (See Cert. Admin. R. at 89 ¶ 2.) Because no action was taken on

2

her appeal, Purdom filed an appeal with the Indiana Board on July 6, 2017.[1] (See Cert. Admin. R. at 89 ¶ 2.) In this appeal, Purdom claimed that the Assessor imposed the wrong 2013 property tax liability by applying the 2% tax cap amount, which is applicable to property defined as "other residential property," instead of the 1% tax cap amount that applies to property defined as "homestead" property under Indiana Code § 6-1.1-20.6-7.5(a)(1), (2). (See Cert. Admin. R. at 91 ¶ 11.) In response, the Assessor argued that Purdom's property tax liability was not entitled to the 1% tax cap because her property had not been granted a standard deduction for 2013. (Cert. Admin. R. at 91 ¶ 11.)

The Indiana Board explained that unlike her prior appeal, Purdom

> did not claim that she should be granted the standard deduction for 2013. Indeed, the parties previously litigated whether Purdom was wrongfully denied the standard deduction for 2013 . . . . We found against Purdom in that appeal. While we noted that the property was Purdom's principal place of residence, we found that she had not filed a certified statement claiming the deduction for 2013 and that she did not qualify for any of the statutory exceptions that would have excused her from doing so.

(Cert. Admin. R. at 90 ¶ 10.) Accordingly, on November 14, 2018, the Indiana Board issued its final determination that Purdom's property was not entitled to the 1% tax cap because it had not been granted the standard deduction for that assessment year. (See generally Cert. Admin. R. at 88-92.)

On December 21, 2018, Purdom filed this original tax appeal. Additional facts will be provided as necessary.

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination must

---

[1] Although Purdom filed a Form 131 with the Indiana Board, she sought to address the same issue raised in her Form 133. (See Cert. Admin. R at 89 n. 1.)

demonstrate to the Court that it is invalid.  Kellam v. Fountain Cty. Assessor, 999 N.E.2d 120, 122 (Ind. Tax Ct. 2013), review denied.  To prevail in this appeal, therefore, Purdom must show that the Indiana Board's final determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence.  IND. CODE § 33-26-6-6(e)(1)-(5) (2020).  On review, the Court will not reweigh the evidence or judge the credibility of witnesses; nonetheless, the Court will review any questions of law arising from the Indiana Board's factual findings de novo.  Kellam, 999 N.E.2d at 122.

**LAW**

Indiana annually provides a credit against a property's tax liability variously at 1%, 2%, or 3% "of the gross assessed value of the property that is the basis for determination of property taxes for that calendar year."  IND. CODE § 6-1.1-20.6-7.5(a) (2013) (the "Tax Cap Statute").  The Tax Cap Statute further provides

> [t]he amount of the credit is the amount by which the person's property tax liability attributable to the person's: (1) homestead exceeds one percent (1%); [or] (2) residential property exceeds two percent (2%) . . . of the gross assessed value of the property that is the basis for determination of property taxes for that calendar year.

I.C. § 6-1.1-20.6-7.5(a).

During the year at issue, a "homestead" was defined for purposes of the standard deduction as, in relevant part, "an individual's principal place of residence:  (A) that is located in Indiana; [and] (B) that:  (i) the individual owns[.]"  IND. CODE § 6-1.1-12-37(a)(2)(A), (B)(i) (2013) (emphasis added).  To determine the correct tax cap

4

percentage, however, the definition of a "homestead" includes an additional element. From January 1 through May 10, 2013, the 1% tax cap for a "homestead" was limited to "a homestead that is <u>eligible for</u> a standard deduction under IC 6-1.1-12-37." IND. CODE § 6-1.1-20.6-2(a) (2009) (emphasis added) (effective until May 10, 2013). Effective May 11, 2013, the General Assembly amended the definition of "homestead," however, for tax cap purposes to "a homestead that <u>has been granted</u> a standard deduction under I.C. 6-1.1-12-37." IND. CODE § 6-1.1-20.6-2(a) (2013) (emphasis added) (amendment effective May 11, 2013).

## ANALYSIS

The dispositive issue in this case is whether the Assessor should have capped Purdom's 2013 property tax liability at 1% instead of 2% of her property's gross assessed value. Purdom urges reversal because, among other similar arguments, the Indiana Board did not revisit the question of whether her property should have received the standard deduction in 2013. (<u>See</u> Pet'r Br. at 5.) In response, the Assessor claims the 1% tax cap cannot apply because Purdom's property did not receive the standard deduction in 2013:

> Prior to 2013, the tax-cap statute defined a homestead as that which was "eligible for a standard deduction under I.C. [6-]1.1-12-37." Ind. Code § 6-1.1-20.6-2(a) (2012). In 2013, however, the General Assembly passed emergency legislation changing the definition of a homestead to that which "has been granted a standard deduction under I.C. [6-]1.1-12-37." <u>See</u> 2013 Ind. Acts 257, § 28. The amendment took effect on May 11, 2013. <u>Id</u>.
>
> Any taxpayers wishing their 2013 assessments to be capped at 1% had 7 months (until January 5 of the next year) to file for the standard deduction with the county auditor. Ind. Code § 6-1.1-12-37(e) (2013). Thus, Petitioner had until January 5, 2014 to properly file for her deduction. Although Petitioner

5

claims to have filed for the standard deduction on November 21, 2012, the Board determined—and the Record confirms—that she did not.

(Resp'ts' Br. at 7.)  (See also Cert. Admin. R. at 91.)  Both parties' arguments, however, miss the mark.

The Indiana Board weighed the facts and credibility of the evidence, which the Court finds no reason to disturb.  Nonetheless, the Court cannot ignore the parties' and the Indiana Board's misapprehension of the law in this matter.

The statutory definition of "homestead," which is the basis for determining what percentage tax cap a property will receive, was changed during the 2013 calendar year.  Compare I.C. § 6-1.1-20.6-2(a) (2009) with (2013).  The General Assembly enacted the amendment to be effective on May 11, 2013, more than two months after the March 1, 2013, assessment date.  I.C. § 6-1.1-20.6-2(a) (2013); see also IND. CODE § 6-1.1-2-1.5(a)(1) (2013) (stating that prior to January 1, 2016, the annual assessment date was March 1).  Accordingly, the Court holds that the amendment requiring a property to be granted the standard deduction did not apply to the March 1, 2013, assessment date.

While neither party precisely identified the dispositive question of law in this matter, the Assessor did not dispute that Purdom's property was eligible for the 2013 standard deduction.  Moreover, both the record evidence and the Indiana Board's own finding indicate Purdom's property was eligible, although not entitled, to the 2013 standard deduction because she did not properly apply.   (See Cert. Admin. R. at 90-91.)  Therefore, the Court finds that Purdom's property was eligible for the standard deduction and her tax liability should not have exceeded 1% of her property's gross assessed value on the March 1, 2013, assessment date for the 2013 calendar year.

6

**CONCLUSION**

The Court finds the Indiana Board's final determination that Purdom's 2013 property tax liability was not entitled to the 1% tax cap is contrary to law. Consequently, the Indiana Board's final determination is REVERSED and REMANDED for action consistent with this decision.