ATTORNEYS FOR PETITIONER:
**ABRAHAM M. BENSON**
**BENJAMIN A. BLAIR**
**DAVID A. SUESS**
FAEGRE DRINKER BIDDLE &
REATH, LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**THEODORE E. ROKITA**
ATTORNEY GENERAL OF INDIANA
**MEREDITH B. McCUTCHEON**
**JONATHAN D. ATWOOD**
**EMILY A. WITKER**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN



FILED
Aug 09 2024, 11:47 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | | |
|---|---|---|
| MAJESTIC PROPERTIES, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 22T-TA-00013 |
| | ) | |
| TIPPECANOE COUNTY ASSESSOR, | ) | |
| | ) | |
| Respondent. | ) | |

## ON APPEAL FROM A FINAL DETERMINATION OF
## THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**August 9, 2024**

MCADAM, J.

Indiana does not tax real property on the basis of fair market value. Instead, Indiana looks to the current use of property and measures value on the basis of the market value for that use. This means that identification of current use is essential to determining assessment value. The taxpayer asks this Court to decide whether two uses of a single-family residence – as a residential rental property and as an owner-occupied home – are equivalent for purposes of assessment. The Indiana Board of Tax

Review concluded that the two uses are the same and relied on appraisals offered by the assessor that valued the home for its use as an owner-occupied residence to uphold the assessment. The taxpayer objects, arguing that the two uses are distinct and represent different market values. The Court does not reach the question presented by the taxpayer, however, because the current use of the subject property was not determined by the Indiana Board under the standard set forth in the assessment regulations. Consequently, the Court remands the case to the Indiana Board to determine the current use of the subject property under the regulatory standard and reconsider the evidence in light of that determination.

## FACTS AND PROCEDURAL HISTORY

Majestic Properties, LLC owns a single-family home located in West Lafayette, Indiana, that it uses as a residential rental property. The property was assessed at $85,910 for 2016 and at $87,000 for 2017. Majestic appealed those assessments first to the Tippecanoe County Property Tax Assessment Board of Appeals and then to the Indiana Board.

Both Majestic and the Tippecanoe County Assessor presented evidence from professional appraisers, including written appraisals and testimony, to the Indiana Board. Majestic's appraiser valued the property as an income-producing residential rental property, while the Assessor's appraisers valued the property using sales of owner-occupied homes.

The Indiana Board noted concerns with both parties' appraisals but found all of the appraisals probative of the subject property's value. It ultimately concluded that the Assessor's appraisals "presented a more credible opinion of value than" Majestic's

2

appraisal. (*See* Cert. Admin. R. at 1650-51 ¶ 60.) This conclusion was based in part on its determination that use of a single-family residence as an owner-occupied home or as a residential rental property constitutes the same "residential use." (*See* Cert. Admin. R. at 1649 ¶ 56.) Consequently, the Indiana Board ordered Majestic's 2016 assessment to remain unchanged at $85,910 and adjusted the 2017 assessment to $86,800.

Majestic then filed this original tax appeal with the Court.

## STANDARD OF REVIEW

The Court's review of Indiana Board decisions is governed by Indiana Code section 33-26-6-6, the provisions of which closely mirror those controlling the judicial review of administrative decisions governed by Indiana's Administrative Orders and Procedures Act ("AOPA"). *Compare* IND. CODE § 33-26-6-6(e) (2024) *with* IND. CODE § 4-21.5-5-14(d) (2024). Under Indiana Code section 33-26-6-6, the party seeking to overturn a final determination of the Indiana Board bears the burden of demonstrating its validity. I.C. § 33-26-6-6(b). The challenger must demonstrate that it has been prejudiced by a final determination of the Indiana Board that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. I.C. § 33-26-6-6(e).

The Legislature has specifically designated the Indiana Board as the trier of fact, charged with determining the relevance and weight to be assigned to the evidence before it. *See* IND. CODE § 6-1.1-15-4(p) (2024). Like the review of administrative decisions subject to AOPA, this Court reviews legal conclusions *de novo* but affords

3

deference to the factual determinations of the Indiana Board if they are supported by substantial and reliable evidence. *See* I.C. § 33-26-6-6(e)(5); *Indiana Alcohol & Tobacco Comm'n v. Spirited Sales, LLC*, 79 N.E.3d 371, 375 (Ind. 2017) (articulating the standard of review of administrative actions under AOPA); *Kellam v. Fountain Cnty. Assessor*, 999 N.E.2d 120, 122 (Ind. Tax Ct. 2013) (articulating the standard of review for Indiana Board decisions), *review denied*. The Court may not substitute its judgment for that of the Indiana Board by reweighing the evidence or reevaluating the credibility of witnesses. *See* IND. CODE § 33-26-6-3(b) (2024); *Kellam*, 999 N.E.2d at 122.

**DISCUSSION AND DECISION**

On appeal, Majestic challenges the Indiana Board's final determination upholding the assessment. It argues that the Indiana Board acted contrary to law in relying on the appraisals offered by the Assessor because those appraisals did not value Majestic's property for its current use as required by law. Majestic contends that the Assessor's appraisals valued the subject property for use as owner-occupied residential property and not for use as residential rental property. It maintains that these are materially different uses and represent different markets, which may yield different valuations. The Assessor disagrees, arguing that the Indiana Board correctly analyzed the valuation evidence by determining that the property could be valued for its "residential use."

Resolution of this issue lies in the administrative regulations governing the assessment of real property. Under Indiana law, real property is assessed according to its "true tax value." *See, e.g.*, IND. CODE § 6-1.1-1-3(a) (2016). "[T]rue tax value does not mean fair market value" or "the value of the property to the user." IND. CODE § 6-1.1-31-6(c), (e) (2016). Instead, it is "[t]he market value-in-use of a property for its current

4

use[.]" *See* REAL PROPERTY ASSESSMENT MANUAL FOR 2011 ("Manual") (incorporated by reference at 50 IND. ADMIN. CODE 2.4-1-2 (2011) (amended 2020)) at 2. It represents the "price that would induce the owner to sell the real property, and the price at which the buyer would purchase the real property for a continuation of use of the property for its current use." *Id.* Under the regulations, the current use of a property is identified by looking to "the utility received by the owner or by a similar user, from the property." *Id.* To determine whether two discrete uses are equivalent for purposes of assessment, the fact-finder must identify and compare the utility received by owners and similarly situated users. This comparison should be based on evidence for each identified use.

In its final determination, the Indiana Board explained that use should not be construed "narrowly." (*See* Cert. Admin. R. at 1650 ¶ 57.) It concluded that the subject property's current use was "residential use" and that use as a rental property is equivalent to use as an owner-occupied home for purposes of assessment. *Id*. It reasoned that single-family homes like the subject property "frequently exchange for the same general purpose" and that a more narrow conception of use would risk violating the statutory prohibition against valuing a property for a specific user. (*See* Cert. Admin. R. at 1649-50 ¶¶ 56-57.) But such reasoning is inconsistent with the standard required by law.  As noted, the administrative regulations direct the finder of fact to determine the market value-in-use of a property based on the utility derived by an owner or similar users from the current use of the property. Manual at 2. The Indiana Board did not examine the utility received by Majestic or other similar users of single-family homes as required by the regulations. That single-family homes used as rental and owner-occupied residences are frequently exchanged in the market may indicate overlap in the

5

utility received by owners for different uses. However, more is required to determine whether that overlap reflects the receipt of similar utility from the property by the various users or whether it reflects other market factors. Additional inquiry into the nature of the utility received by owners for the overlapping uses would be necessary. Moreover, the Board's additional concern that a more narrow conception of use risks valuing the property to the specific user (e.g., Majestic) is mitigated by the appropriate identification of the class of similar users to which the owner belongs under the regulatory standard.

The failure to apply the regulatory standard may have led the Indiana Board to conceive the current use of the subject property too broadly. Examination of the utility received by landlords and owner-occupiers (e.g., shelter, foregone rent, rental revenues, or investment value) may reveal differences in the valuation each would attach to a single-family home resulting from differences in the utility received by each. Ultimately, the Indiana Board may have weighed the competing evidence offered by the parties differently if it had determined that rental use was different from owner-occupied use for purposes of assessment.

The Assessor points to this Court's observation in *Stinson v. Trimas Fasteners, Inc.*, 923 N.E.2d 496 (Ind. Tax Ct. 2010), contending that it supports the Indiana Board's decision. There, this Court noted that "in markets where property types are frequently exchanged and used by both buyer and seller for the same general purpose, a sale will be representative of utility and market value-in-use will equal value-in-exchange." *Stinson v. Trimas Fasteners, Inc.*, 923 N.E.2d 496, 501, n.10 (Ind. Tax Ct. 2010). As explained above, however, the standard for determining current use is set forth in the regulations promulgated by the Department of Local Government Finance. *Trimas* does

not purport to supplant that standard or establish a test for determining current use. It merely articulates a presumption that may apply when two uses are similar for assessment purposes. Thus, it does not require a different conclusion.

The Court, therefore, remands the case to the Indiana Board to determine the current use of the subject property under the regulatory standard and reconsider the evidence in light of that determination based solely on the evidence already contained in the certified administrative record.

## CONCLUSION

The Court REVERSES the Indiana Board's final determination and REMANDS the case to the Indiana Board for further proceedings consistent with this opinion.

7